**INFORMATION CONTROL CORPORATION, Plaintiff-Appellant,**

v.

**GENESIS ONE COMPUTER CORPORATION, etc., et al., Defendants-Appellees.**

No. 77–3659.

United States Court of Appeals, Ninth Circuit.

Jan. 15, 1980.

---

Joan Patsy Ostroy, Bersch & Kaplowitz, Beverly Hills, Cal., argued for plaintiff-appellant; Blanche E. Bersch, Bersch & Kaplowitz, Beverly Hills, Cal., on the brief.

Robert H. Tau, Rosenfeld, Meyer & Susman, Beverly Hills, Cal., for defendants-appellees.

Before BROWNING and TANG, Circuit Judges, and MUECKE, District Judge *.

MUECKE, District Judge:

For two years Genesis One Computer Corporation (Genesis) marketed certain electronics products manufactured by Information Control Corporation (ICC). A dispute arose. ICC sued Genesis for breach of contract and misrepresentation, and Genesis countersued to collect allegedly unpaid commissions. An industry news journal requested a statement from Genesis' counsel regarding the suits. Counsel replied:

> In the opinion of Genesis' management, the action by ICC is intended as a device by ICC to avoid payment of its obligations [i. e., the commissions allegedly owing] to Genesis as a result of the sale of over two million dollars worth of ICC equipment, and in the opinion of general counsel to Genesis, Genesis has substantial defenses to the ICC action.

Two weeks later, Genesis' public relations firm issued a press release containing the same statement with minor modifications. The release again characterized ICC's breach of contract action as a "device" to avoid payment of commissions due Genesis.

ICC then brought this suit for defamation, based on the statement by Genesis' counsel and the press release. The district court ruled the statements non-defamatory and privileged as a matter of law, and granted Genesis' motion for summary judgment.

■ Under California law, recovery for defamation may be had only for false statements of fact. Statements of opinion are not actionable. *Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 600, 131 Cal. Rptr. 641, 643, 552 P.2d 425, 427 (1976). The determination of whether an allegedly defamatory statement is a statement of fact or statement of opinion is a question of law. *Gregory, supra,* 17 Cal.3d at 601, 131 Cal.Rptr. at 644, 552 P.2d at 428. *Accord, Greenbelt Cooperative Publishing Assn. v. Bresler,* 398 U.S. 6, 13–15, 90 S.Ct. 1537, 1541–42, 26 L.Ed.2d 6 (1970). It is normally defamatory on its face to say that a business refuses to pay its just debts. W. Prosser, *Law of Torts* 756 (3d ed. 1964). *See Reed v. Melnick,* 81 N.M. 608, 471 P.2d 178, 179, 182 (1970); *Cosgrove Studio & Camera Shop, Inc. v. Pane,* 408 Pa. 314, 317, 182 A.2d 751, 753 (1962); *Restatement (Second) of Torts* § 569, Comment e (1977).

■ It is often quite difficult to determine whether a publication constitutes a statement of fact or statement of opinion. In the process of making this determination, it is important to keep three factors in mind. First, it is established that words are not defamatory unless they are understood in a defamatory sense. W. Prosser, *supra,* at 763. "Publications by which it is sought to convey pertinent information to the public in matters of public interests are permitted wide latitude. . . . Mere expressions of opinion or severe criticism are not libelous if they clearly go only to the merits or demerits of a condition, cause or controversy which is under public scrutiny . . .." *Howard v. Southern California Associated*

---

* Honorable C. A. Muecke, Chief Judge, United States District Court for the District of Arizona, sitting by designation.

*Newspapers*, 95 Cal.App.2d 580, 213 P.2d 399, 402 (1950). Thus, the words alone are not determinative; the facts surrounding the publication must also be considered.

■ A second factor to consider in determining the nature of a publication is that even apparent statements of fact may assume the character of statements of opinion, and thus be privileged, when made in public debate, heated labor dispute, or other circumstances in which an "audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole . . . ."[1] *Gregory, supra*, 17 Cal.3d at 601, 131 Cal. Rptr. at 644, 552 P.2d at 428. *Accord, Scott v. McDonnell Douglas Corp.*, 37 Cal.App.3d 277, 112 Cal.Rptr. 609 (1974); *Taylor v. Lewis*, 132 Cal.App. 381, 22 P.2d 569 (1933).

■ The final consideration in the fact/opinion analysis is the language of the allegedly defamatory statement. Where the language of the statement is "cautiously phrased in terms of apparency" or is of a kind typically generated in a spirited legal dispute in which the judgment, loyalties and subjective motives of the parties are reciprocally attacked and defended in the media and other public forums, the statement is less likely to be understood as a statement of fact rather than as a statement of opinion. *Gregory, supra*, 17 Cal.3d at 603, 131 Cal.Rptr. at 645, 552 P.2d at 429.

■ In sum, the test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality in the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence. In addition, the court must give weight to cautionary terms used by the person publishing the statement. Finally, the court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published.

■ Applying this test, Genesis' characterization of the ICC lawsuit as a device by which ICC was attempting to avoid payment of its obligations to Genesis must be regarded as a statement of opinion. Both the statement of counsel and the press release were cautiously prefaced as representing "the opinion of Genesis' management." Both were made in the early weeks of a commercial litigation which promised to be hard fought. The statement was made in a trade publication, to persons who would be expected to be aware of the nature of the litigation between the parties and the responses that might be evoked. In this setting, "the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, [and thus] language which generally might be considered as statements of fact may well assume the character of statements of opinion." 17 Cal.3d at 601, 131 Cal.Rptr. at 644, 552 P.2d at 428. Business litigants frequently disparage an opponent's suit as a meritless tactical device. Such charges may not be commendable, but they are highly unlikely to be understood by their audience as statements of fact rather than the predictable opinion of management for one side about the other's motives. At least when made in the brief and conclusory language used here, they may not be the predicate for a defamation action under the governing California law.

AFFIRMED.

---

1. Two such circumstances to consider in this case are: (1) that the allegedly defamatory statement was made in a trade journal, and (2) the audience consisted of persons who would be expected to be aware of the litigation between the parties, particularly since the allegedly defamatory statement was published as part of an article dealing with the litigation.