Lyle STUART and Lyle Stuart, Inc., Plaintiffs,
v.
GAMBLING TIMES, INC., Stanley Sludikoff, a/k/a Stanley Roberts, and Kable News Company, Defendants.

Civ. No. 81–683.

United States District Court, D. New Jersey.

Jan. 8, 1982.

Fred Doyle, Secaucus, N. J., and Perles, Albert, Beale & Wohl by David A. Beale, New York City, for plaintiffs.

Levy, Levy & Albert by Gerald A. Hughes, Trenton, N. J., for defendants.

## OPINION

SAROKIN, District Judge.

Plaintiff Lyle Stuart is the principal officer and stockholder of Lyle Stuart, Inc., an independent publisher. Stuart is the author of a book entitled "Casino Gambling For the Winner," which his company published. Defendant Stanley Sludikoff is the publisher of a magazine named "Gambling Times," and in that magazine he authored and published a review of Stuart's book. The review was highly unfavorable, and both Stuart and his company have sued Sludikoff and his magazine for libel. Each of the parties has moved for summary judgment.[1]

Plaintiffs, in the complaint, claim that the defendant in his review "alleges that plaintiffs Lyle Stuart and Lyle Stuart, Inc. have defrauded the public." Plaintiffs claim that the whole review contributes to this defamation, but rely particularly on the following statements:

> Lyle Stuart's book, Casino Gambling for the Winner, is clearly misnamed. All you will learn from this book is how to lose. I consider the publication and sale of this work to be the # 1 fraud ever perpetrated upon the gambling reader.

Plaintiffs claim that these statements are false and without privilege, and have injured plaintiffs' reputations.[2]

In fact, the remainder of the eight-paragraph review is devoted to the contents of the book, which Sludikoff utilizes to illustrate and support the statements quoted above. He explains why he disagrees with Stuart's theory of gambling, and designates several other failings of the book. In gen-

---

1. There is another named defendant, Kable News Co., which apparently distributes *Gambling Times*. Defendants devote two-and-a-half pages of their brief to arguing that Kable should be dismissed as a defendant, while plaintiff alleges that a stipulation to this effect was sent to defendants but never signed and returned.

2. Plaintiffs also assert a specific amount sought in unliquidated damages, in direct contravention of Local Gen. Rule 8(G). This, however, is the least of the flaws in this action.

eral, the review attempts to support Sludikoff's consideration that the publication of this book is something less than an auspicious event.

Plaintiffs have attempted to expand the grounds of their complaint through an affidavit of counsel, in which counsel contends that all statements in the review are libelous. The complaint, however, only alleges that the review libeled plaintiffs by accusing them of fraud.

Plaintiff claims that defendant has imputed criminal conduct to Stuart. In New Jersey, plaintiff contends, it is libel *per se,* if the offense charged is of the type which would be chargeable by indictment. The statement of which plaintiff complains does use the word "fraud." However, Sludikoff in this statement does not imply that Stuart could be criminally prosecuted for writing his book, but rather that the book promises more than it delivers. The statement embodies Sludikoff's opinion, demarcated by "I consider," and the remainder of the review contains the basis for this opinion. There is no suggestion that any acts occurred which would be criminally punishable.

■■ Where a statement is an opinion, there is no cause of action for libel. "However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974) (footnote omitted). The issue of whether a statement is fact or opinion is a question of law for the court. *Information Control Corp. v. Genesis One Computer Corp.,* 611 F.2d 781 (9th Cir. 1980); *Church of Scientology of California v. Siegelman,* 475 F.Supp. 950 (S.D.N.Y.1979); *Leers v. Green,* 24 N.J. 239, 131 A.2d 781 (1957).

■ There are situations where an opinion may be libelous. This can occur when the author makes a "clear but false" repre-

sentation that he is privy to private, first-hand knowledge. *Hotchner v. Castillo-Puche,* 551 F.2d 910, 913 (2d Cir. 1977). On the other hand, if the author sets out the basis upon which his opinions are formulated, there can be no misrepresentation and the opinions must be accepted as such.

■■ When an author publishes a book, "he [is] bound to expect, with equal equanimity, praise or blame directed at the work itself." *Berg v. Printers' Ink Publishing Co.,* 54 F.Supp. 795, 797 (S.D.N.Y.1943), aff'd 141 F.2d 1022 (2d Cir. 1944). A critic has wide latitude, and his critical comments are privileged so long as they do not go beyond the work itself to attack the author personally. *Buckley v. Vidal,* 327 F.Supp. 1051, 1052–53 (S.D.N.Y.1971). However, a critic of course can comment on such of the author's characters as is evidenced in the book. *Berg.* For example, a critic accused a book of "hypocrisy," and this was held not to be a personal attack on the author but only a comment on the book's contents. *Guitar v. Westinghouse Electric Corp.,* 396 F.Supp. 1042 (S.D.N.Y.1975), aff'd 538 F.2d 309 (2d Cir. 1976).

■ The court finds that all of the statements complained of are opinion, and in the context of this book review must necessarily be so understood by any reasonable person who reads them. In such a review, the critic's privilege is intact, if the facts are truly stated, the comment is fair, and the comment is an honest expression of the writer's real opinion. *Guitar,* 396 F.Supp. at 1048; *Buckley,* 327 F.Supp. at 1053.

■ The cases cited above indicate that summary judgment is the preferable means of dealing with first amendment cases such as this.[3] Libel suits can effectively chill the first amendment rights inherent in critical comments, if the critics are compelled to expend the time and money necessary to defend such suits.[4] "For the stake here, if

---

3. But see *Hutchinson v. Proxmire,* 443 U.S. 111, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979), where the court expressed some doubt as to the validity of this rule where there is a question of actual malice. This issue is not present here.

4. Such chilling effect may well have been the purpose of this suit in view of the specific *ad damnum* clause in violation of the rules.

harassment succeeds, is free debate." *Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C.Cir.1966). Therefore, although it is recognized that summary judgment precludes a trial by jury, it is a proper and effective method of disposition in a case where no material issue of fact exists. In such a case, summary judgment protects against the threat that litigation will be used to harass and intimidate innocent critics. *Id.*

 After reviewing the documents submitted in this case, the court finds that plaintiff has failed to raise a genuine issue of material fact on the question of whether the statements were an honest expression of Sludikoff's real opinion. The court finds that the critique was opinion and was supported in the review by the facts upon which defendant based his opinion. Plaintiffs have not challenged or refuted the accuracy of any of the facts asserted by defendants, and a reasonable reader is given sufficient information from which to make up his or her own mind on the opinion stated.

It is somewhat incongruous that plaintiffs are offended by an attack on the validity of their book which proclaims winning ways at casino gambling. The plaintiffs, who are themselves authors and publishers, challenge the right of a reviewer to attack their underlying concept and the facts offered in support thereof. In so doing, however, they offer not a single affidavit to prove the truth of their assertions or the falsity of those made by the defendants. A book which purports to guide the reader to certain gambling winnings deserves an askance review. If the plaintiffs have the right to purvey pleasant dreams, the defendants have an equal right to proclaim that they are nightmares.

The motion of defendants for summary judgment is granted and that of plaintiffs is denied. Counsel for defendants shall submit an order to the court.