Ilse KOCH, Plaintiff,

v.

Ruth Yannatta GOLDWAY, individually and in her capacity as Mayor of the City of Santa Monica, Defendant.

No. CV 83–1209 ER (Px).

United States District Court,
C.D. California.

September 26, 1984.

Sherman L. Stacey, Stacey & Jones, Santa Monica, Cal., for plaintiff.

Anthony M. Glassman, Beverly Hills, Cal., for defendant.

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AS TO PLAINTIFF'S CLAIMS FOR DEFAMATION AND CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

RAFEEDIE, District Judge.

This case came on for hearing on the motion of defendant Ruth Y. Goldway, for Summary Judgment against plaintiff, Ilse Koch, on plaintiff's three claims for defamation and her claim for intentional infliction of emotional distress.[1] Having considered the parties' submissions and having

heard oral argument, the Court renders the following judgment:

## I. FACTUAL BACKGROUND

The facts stated herein are uncontested except that defendant disputes making the allegedly defamatory statement. For the purposes of this motion, the Court assumes the statement was made.

The plaintiff, a West German national who is forty-two years of age, filed this action on February 28, 1983 against the defendant, a California resident and at all times pertinent to this action the Mayor of Santa Monica. On March 25, 1982, defendant appeared before twenty to thirty women affiliated with the Los Angeles Jewish Federation Council at a private residence in Santa Monica. The plaintiff did not attend.

At this appearance the defendant said words to the following effect: "There was a well-known Nazi criminal named Ilse Koch during World War II. Like Hitler, Ilse Koch was never found. Is this the same Isle Koch? Who knows?"

Both plaintiff and defendant have been active in Santa Monica politics. The defendant, as Mayor and as a member of City Council, favored rent control. Plaintiff made several appearances before the City Council and was a member of a political group opposed to rent control. It is fair to say that the two are political opponents.

On September 17, 1984, defendant brought this motion for summary judgment under Federal Rule of Civil Procedure 56 as to all of plaintiff's claims, alleging that there existed no genuine issue of material fact and that defendant was entitled to a judgment as a matter of law.

## II. LEGAL DISCUSSION

### A. Defamation

██ Defendant's primary contention is that the statement in controversy is a statement of opinion rather than fact and is

---

1. On January 16, 1984, the Court dismissed plaintiff's claims for violation of 42 U.S.C. § 1983 and violation of her first, fifth, and fourteenth amendment rights.

therefore not actionable. It is well settled that a statement of opinion is constitutionally protected since "there is no such thing as a false idea." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–340, 94 S.Ct. 2997, 3006–3007, 41 L.Ed.2d 789 (1974). Whether a statement is fact or opinion is a question of law to be decided by the Court. *Information Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781 (9th Cir. 1980). Therefore, it is appropriate for the Court to make this determination on a motion for summary judgment.

This Court finds that the statement in controversy is not one of fact, but is merely a nonactionable opinion. The Court makes this determination on two alternative rationales: 1) Under all of the circumstances, the statement was an opinion that should be classified as "rhetorical hyperbole;" or 2) The defendant disclosed the opinion and implied no undisclosed facts.

■ With respect to the first rationale, a Court determining whether a statement is fact or opinion must examine the statement in its totality in the context in which it was made. *Information Control*, 611 F.2d at 784. As the California Supreme Court stated in *Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 601, 552 P.2d 425, 428, 131 Cal.Rptr. 641, 644 (1976):

> [W]hat constitutes a statement of fact in one context may be treated as a statement of opinion in another, in light of the nature and content of the communication taken as a whole. Thus, where potentially defamatory statements are published in a public debate, a heated labor dispute, or in another setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, language which generally might be considered as statements of fact may well assume the character of statements of opinion.

Applied to the instant case, defendant made her statement in derogation of a political opponent before an audience that might have expected "rhetorical hyperbole." Granted, the statement was in poor taste, especially when made before a group hyper-sensitive to such invective. However, the context places it in "the conventional give-and-take in our economic and political controversies." *Cafeteria Union v. Angelos*, 320 U.S. 293, 295, 64 S.Ct. 126, 127, 88 L.Ed. 58 (1943) (the term "fascist" does not falsify facts). *See also Okun v. Superior Court of Los Angeles County*, 29 Cal.3d 442, 629 P.2d 1369, 175 Cal.Rptr. 157 (1981) (statements insinuating plaintiff had entered into corrupt relationship with councilman held opinion when made during debate over city permitting plaintiff to develop a condominium project). Therefore, given the circumstances, defendant's statement was one of opinion rather than fact.

■ As for the second rationale, even though an opinion may contain factual assertions, there is no defamation if the speaker discloses the facts underlying his opinion. As stated in the RESTATEMENT (SECOND) OF TORTS § 566 comment C (1977):

> A simple expression of opinion based on disclosed or assumed non-defamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is. But an expression of opinion that is not based on disclosed or assumed facts and therefore implies that there are undisclosed facts on which the opinion is based, is treated differently.

■ Applying this statement of the law to the instant case, defendant stated two facts before asking the rhetorical questions concerning Ilse Koch. First, there was a well known Nazi criminal named Ilse Koch. Second, Ilse Koch was never found. To draw the conclusion from these two facts that plaintiff is the infamous Ilse Koch is absurd, but the unreasonableness of the conclusion is irrelevant as long as no other facts are implied. *Id.* As for implied facts, the physical impossibility that the plaintiff could be the same person as the war criminal (plaintiff is forty-two years old; the war criminal would have to be at

least seventy) makes it unreasonable to think that the statement implied any plausible undisclosed facts. Therefore, since defendant disclosed the underlying facts and implied no others, the statement cannot be defamatory.

As an alternative ground to the finding that the statement was an opinion, the Court further finds that the statement was an opinion, the Court further finds that the statement reasonably could not be understood to describe actual facts about the plaintiff. When such an understanding is impossible, no damage to reputation can result. *See Greenbelt Publishers Association v. Bresler*, 398 U.S. 6, 14, 90 S.Ct. 1537, 1542, 26 L.Ed.2d 6 (1970); *Pring v. Penthouse International, Ltd.*, 695 F.2d 438, 440–442 (10th Cir.1982), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983).

In this case no reasonable person could think that plaintiff and the war criminal were the same person. The age disparity is simply too great. Moreover, it is impossible to believe that an infamous Nazi war criminal would: 1) retain her notorious name and 2) compound that error by plunging herself into publicized political issues in this country. In short, the statement reasonably cannot be understood to describe actual facts about the plaintiff and therefore cannot be defamatory.

### B. Intentional Infliction of Emotional Distress

 Intentional infliction of emotional distress consists of three elements:

(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Davidson v. City of Westminster*, 32 Cal.3d 197, 209, 649 P.2d 894, 901, 185 Cal.Rptr. 252, 259 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593, 595 P.2d 975, 983, 156 Cal.Rptr. 198, 206

(1979)). It is for the Court to determine initially whether a defendant's conduct may reasonably be regarded as so extreme and outrageous that recovery is permissible. *Cortez v. Macias*, 110 Cal.App.3d 640, 167 Cal.Rptr. 905 (1980). Therefore, it is appropriate for the Court to render a decision regarding the first element of this tort on a motion for summary judgment.

 This Court finds that, as a matter of law, the statement was not extreme and outrageous conduct perpetrated with the intention of causing, or reckless disregard of the probability of causing, emotional distress. As discussed above, defendant made the statement in the context of a political controversy before people who might have expected rhetorical hyperbole. Under the circumstances, it is impossible to characterize defendant's conduct as "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Davidson*, 32 Cal.3d at 209, 649 P.2d at 901, 185 Cal.Rptr. at 259. Moreover, it is incongruous to classify a statement, for purposes of defamation, as a constitutionally protected statement of opinion, but then determine that the same statement is so outrageous that it justifies recovery for intentional infliction of emotional distress.

In addition, defendant made the statement before a relatively small gathering in a private residence without plaintiff in attendance. While it was certainly possible that plaintiff eventually would hear of the remark, it was by no means a substantial certainty. Therefore, the uncontested facts evince no intent to cause, or a reckless disregard of the probability of causing, emotional distress.

Based on the foregoing,

IT IS ORDERED that summary judgment shall be entered against plaintiff as to each of the three claims for defamation.

IT IS FURTHER ORDERED that summary judgment shall be entered against plaintiff as to the claim for intentional infliction of emotional distress.