**Ilse KOCH, Plaintiff-Appellant,**

**v.**

**Ruth Yannatta GOLDWAY, individually, and in her capacity as Mayor of the City of Santa Monica, Defendant-Appellee.**

**No. 84–6459.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 1, 1986.

Decided May 14, 1987.

Sherman L. Stacey, Santa Monica, Cal., for plaintiff-appellant.

Anthony M. Glassman, Stephen J. Rawson, Beverly Hills, Cal., for defendant-appellee.

Before SNEED, KENNEDY and BEEZER, Circuit Judges.

KENNEDY, Circuit Judge:

This defamation suit having been dismissed in the district court on summary judgment, the appeal presents the question whether alleged remarks about the plaintiff were actionable slander. We agree with the district court that the statements were not actionable, and we affirm the judgment.

The defamation action was brought by Ilse Koch, the appellant here, against one Goldway, who had been mayor of Santa Monica, California. Koch, a property owner, was a vigorous opponent of rent control, while Goldway, first as a city council member and then as mayor, just as strongly supported it. Koch appeared at various times before the city council and campaigned against Goldway on the rent control issue.

In 1982 Koch appeared in a segment of a national television show, *60 Minutes*, and expressed her views on the Santa Monica rent control controversy. Referring to her opponents on the rent control issue, she said that the "communists had finally caught up to her," or something close to that.

After the broadcast, Goldway spoke at a private home before a group of women affiliated with the Los Angeles Jewish Federation Council. It is alleged that Goldway referred to the *60 Minutes* coverage and said: "There was a well-known Nazi war criminal named Ilse Koch during World War II. Like Hitler, Ilse Koch was never found. Is this the same Ilse Koch? Who knows?" Goldway denies making the statement, but she is assumed to have done so for purposes of the summary judgment motion and this appeal.

Koch was not present at the gathering but heard of the alleged statement from one Stephanie Hayutin. Koch, a German national, then forty-two years of age, was outraged by the remark, of course, for in fact an infamous woman named Ilse Koch was, or is, a Nazi arch-criminal who has never been found. The witness Hayutin testified in a deposition that she knew when the statement was made that the plaintiff Ilse Koch could not possibly be the war criminal because the plaintiff was only forty-two years of age and because a former Nazi war criminal would not use her real name, especially as a participant in public affairs.

The district court found that the statement was an opinion, and not a statement of fact, and therefore not a defamation. It ruled also that the complaint did not state a claim for intentional infliction of emotional distress, 607 F.Supp. 223. We agree with those conclusions.

The central issue presented for our resolution is whether the statement recites or implies factual matters that are defamatory, or, on the other hand, whether it is opinion only and so not defamatory at all. *Information Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 783 (9th Cir.1980); *Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 601, 131 Cal.Rptr. 641, 644, 552 P.2d 425, 428 (1976). This issue is a question of law which we review de novo. *Lewis v. Time, Inc.*, 710 F.2d 549, 553 (9th Cir.1983).

Were we to adhere to settled decisional rules, we should first determine whether the statement here is actionable under California law, and only then refer to any constitutional protections for opinion, as opposed to fact. *See, e.g., Siler v. Louisville & Nashville R.R. Co.*, 213 U.S. 175, 193, 29 S.Ct. 451, 455, 53 L.Ed. 753 (1909). Two lines of precedent foreclose that methodology. First, a review of California cases on the point discloses that California itself tends to conflate common law principles and constitutional doctrine on the definition of opinion. *See Okun v. Superior*

*Court of Los Angeles,* 29 Cal.3d 442, 451, 175 Cal.Rptr. 157, 162, 629 P.2d 1369, 1374, *cert. denied,* 454 U.S. 1099, 102 S.Ct. 673, 70 L.Ed.2d 641 (1981); *Gregory,* 131 Cal. Rptr. at 643, 552 P.2d at 427. Language in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3006–07, 41 L.Ed.2d 789 (1974), always the prime source cited for the proposition that statements of opinion have first amendment protection, in effect seems to have preempted California's own case law evolution in this area. California appeared to be reaching the result, as a state law matter, that even statements targeted at private persons would be deemed protected matters of opinion if the issues being discussed were ones of public concern. *See Emde v. San Joaquin County Cent. Labor Council,* 23 Cal.2d 146, 143 P.2d 20 (1943); *Williams v. Daily Review, Inc.,* 236 Cal.App.2d 405, 46 Cal.Rptr. 135 (1965). That line of precedent, essentially extending the doctrine of fair comment under common law, seems now largely superseded by more recent California cases which analyze the issue in constitutional terms, interpreting *Gertz* as a mandate to do so. *See, e.g., Gregory,* 131 Cal.Rptr. at 643–44, 552 P.2d at 427–28. Since the state cases are cast in first amendment terms, it is difficult for us to use a different mold.

Second, our own court has held that the fact or opinion distinction in defamation cases is mandated by *Gertz,* and in diversity cases we have decided the issue as a question of federal law. *Lewis,* 710 F.2d at 555. Other circuits have done likewise, some citing *Lewis. See, e.g., Janklow v. Newsweek, Inc.,* 788 F.2d 1300, 1302 (8th Cir.) (en banc), *cert. denied,* —— U.S. ——, 107 S.Ct. 272, 93 L.Ed.2d 249 (1986); *Ollman v. Evans,* 750 F.2d 970, 975 n. 8 (D.C.Cir.1984) (en banc), *cert. denied,* 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985). Although the fact or opinion question can be a difficult one, *see Information Control,* 611 F.2d at 783, we think that it is not so in the case before us. The statement here falls within the core definition of opinion.

■ Statements not themselves factual, and which do not suggest that a conclusion is being drawn from facts not disclosed in the statement, are commonly statements of opinion, not fact. *See Restatement (Second) of Torts* § 566 (1977). The remarks here can be characterized as opinion under this standard, though perhaps not conclusively until we look at context. Context does resolve the matter. Context can be determinative that a statement is opinion and not fact, for the context of a statement may control whether words were understood in a defamatory sense. *See Information Control,* 611 F.2d at 783–84. This is especially true when the surrounding circumstances of a statement are those of a heated political debate, where certain remarks are necessarily understood as ridicule or vituperation, or both, but not as descriptive of factual matters. *See id.; Restatement (Second) of Torts* § 566 comment e (1977). The context in this case is one of debate, and the statement cannot reasonably be taken as anything but opinion. It is obvious to us, and must have been so to all who heard the statement, that the mayor had not suddenly lost interest in rent control and politics in order to focus on war criminals.

■ It is unreasonable to construe the remarks to say or imply that the plaintiff is in fact Ilse Koch the war criminal, for no one would be so credulous as to conclude that a war criminal on the run would use her true name and project herself in public debate. The statement cannot be interpreted to say that the plaintiff committed crimes similar to those of a Nazi war criminal, for it simply does not mention those matters or suggest that inference. And it does not say or fairly imply that the plaintiff has the same value system as the war criminal, for neither in context nor bare allegation is such an imputation made. The surrounding circumstances of the statement, heated political debate and dispute, give rise to the inference that the remark was intended and understood not as a statement of fact but as a slur against a political opponent.

The appellant failed to support the contention that the statement was one of fact. She did not produce any witnesses to testi-

fy that Goldway's remark was understood to refer to facts. Indeed, Koch's only witness was Stephanie Hayutin, who testified unequivocally that she knew there was no possibility that the plaintiff in truth could be the war criminal. Although Hayutin testified the remarks might have conveyed an "affirmative statement" about the plaintiff Ilse Koch, this testimony is not sufficient to show that the statement would have been construed as such by the audience, given what we have already recited. The only reasonable conclusion to be drawn from the evidence presented was that the statement was not one of fact. *See Greenbelt Cooperative Publishing Ass'n v. Bresler*, 398 U.S. 6, 14, 90 S.Ct. 1537, 1542, 26 L.Ed.2d 6 (1970) (noting that record was "devoid of evidence that anyone in the city of Greenbelt or anywhere else thought [plaintiff] had been charged with a crime"); *Pring v. Penthouse Int'l, Ltd.*, 695 F.2d 438, 441–42 (10th Cir.1982), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983) (overturning a jury verdict in favor of plaintiff where all witnesses testified that magazine story "could not possibly be about [the plaintiff] as she would not do [the acts alleged in the story]"). We find no factual assertions in the remarks, and, as a matter of law, they must be classified as opinion, nothing more.

It is perhaps unfortunate that the legal category of opinion, which sounds, and often is, a dignified classification for the pursuit of honest and fair debate, must also be used to describe statements such as the one at issue here, which, in reality, is nothing more than a vicious slur. The law of defamation teaches, however, that in some instances speech must seek its own refutation without intervention by the courts. In this case, if the mayor chose to get in the gutter, the law simply leaves her there. And the facts appear to disclose that the plaintiff is not necessarily an heroic figure, for it seems she hurled some brickbats of her own, which might have provoked the mayor to make the venomous rebuttal here alleged. This is the precise sort of contest that society can endure without redress from the courts. Base and malignant speech is not necessarily actionable.

 We find that the district court was correct also to grant summary judgment against Koch on her claim of intentional infliction of emotional distress. Although the alleged comment was reprehensible, rudeness and bad taste, regrettably, are not so uncommon in American politics that the statement reached the level of conduct necessary to state a claim for intentional infliction of emotional distress. *Davidson v. City of Westminister*, 32 Cal.3d 197, 185 Cal.Rptr. 252, 259, 649 P.2d 894, 901 (1982) (conduct must exceed the bounds of that tolerated in a civilized community).

The decision of the district court is AFFIRMED.