**Polycarp BASILIUS, Plaintiff,**

v.

**HONOLULU PUBLISHING COMPANY, LTD., a Hawaii corporation; and Edward Rampell, Defendants.**

**Civ. No. 88–00495 (SPK).**

United States District Court,
D. Hawaii.

Jan. 19, 1989.

Jeffrey S. Portnoy, May Lee Tong, Cades Schutte Fleming & Wright, Honolulu, Hawaii, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SAMUEL P. KING, Senior District Judge.

### INTRODUCTION:

Defendant Honolulu Publishing publishes *Honolulu* magazine, a monthly publication containing articles, columns and features on culture, politics, local personalities, the media and entertainment. On July 12, 1988, plaintiff Polycarp Basilius ("Basilius") filed his Complaint for libel and intentional infliction of emotional distress. Plaintiff alleges that the August 1987 issue of *Honolulu* magazine contains an article—authored by defendant Edward Rampell—which defames him.

The article, "Assassination in Palau", reported on the political and economic chaos in Palau surrounding the passage of the Compact of Free Association, the construction of an electrical power plant and the assassination of former president Haruo Remeliik ("Remeliik") on June 30, 1985.

Plaintiff alleges that the following paragraph in the article is libelous:

> At the end of 1986, Remeliik's relatives received an anonymous letter claiming that Salii and businessman Polycarp Basilius had been promised $18.5 million if they could manage passage of the Compact. They, in turn, hired four Palauans to kill Remeliik. The Palauans were assisted by two Americans. One of the Americans shot the President in the leg; a Palauan named Hitler Demei shot him in the head.

Plaintiff urges in his Complaint that the paragraph intended to convey and did in fact convey to the community at large that Basilius murdered Remeliik; that Basilius had been bribed to assure the passage of the Compact of Free Association between the United States and Palau; and that Basilius was a participant in an American

Dana W. Smith, Honolulu, Hawaii, for plaintiff.

conspiracy to force Palau to accept the Compact, to accept nuclear powered vessels in Palau and to assassinate Remeliik. In short, plaintiff asserts that the article implies that he is in fact guilty of the crimes that the letter attributes to him.

On November 1, 1988, Defendants moved for summary judgment on the grounds that (1) the paragraph is true or substantially true in that letters do exist implicating Basilius in the assassination; and (2) defendants are protected from any liability by the privilege of neutral reportage. Notwithstanding that plaintiff's counsel filed his reply to the instant Motion eleven days late, the court has carefully considered all written and oral arguments presented by counsel. The court concludes that, under principles articulated in recent U.S. Supreme Court decisions, plaintiff has failed to make a showing sufficient to withstand a motion for summary judgment. For the reasons set forth below, defendants' Motion will be granted.

### THE TRUTH OF THE PUBLICATION:

■ Courts have held that summary judgment is the preferred means of dealing with First Amendment cases due to the chilling of First Amendment rights inherent in expensive and time-consuming litigation. *See, e.g., Stuart v. Gambling Times,* 534 F.Supp. 170, 172 (D.N.J.1982); *Schiavone v. Time, Inc.,* 619 F.Supp. 684, 686 (D.N.J.1985). This is particularly the case with smaller newspapers, magazines, and television and radio stations. *Schiavone,* 619 F.Supp. at 686.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The United States Supreme Court has held that if the nonmoving party bears the burden of proof at trial as to an element essential to his case, and he fails to make a showing sufficient to establish a genuine dispute of fact

with respect to the existence of that element, then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). *See also California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Further, because of the constitutional values present in First Amendment cases, in ruling on a motion for summary judgment, the trial court must incorporate into its inquiry the substantive evidentiary standard of proof that would apply at a trial on the merits. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In defamation suits, the burden is on the plaintiff to demonstrate, by "clear and convincing evidence", that the defendant has breached the relevant standard of care in publishing the alleged defamatory falsehood. *See, e.g., New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 285–86, 84 S.Ct. 710, 728–29; *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 342, 94 S.Ct. 2997, 3008, 41 L.Ed.2d 789 (1974).

Plaintiff bears the same burden with respect to the issue of the truth of the statements. In *Philadelphia Newspaper, Inc. v. Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986), the Supreme Court held that the common law rule of falsity, i.e., that a defamatory statement was presumed false and the defendant must bear the burden of proving truth, must fall to a constitutional requirement that the plaintiff bear the burden of showing falsity as well as fault before recovering damages. *Id.* at 776–77, 106 S.Ct. at 1563–64. Thus, with respect to the present Motion, Basilius bears the burden of proving, by clear and convincing evidence, that a genuine issue of fact exists with respect to the truth or falsity of the alleged defamatory statements. Even if his burden were described by the lesser, preponderance of the evidence standard, however, plaintiff could not demonstrate that a material dispute exists regarding the truth of the paragraph at issue here.

■ Under both federal and Hawaii law, truth is a complete defense to an action for defamation. *See Garrison v. Louisiana,* 379 U.S. 64, 73, 85 S.Ct. 209, 215, 13 L.Ed.2d 125 (1964) (publication of materially true statement constitutionally protected); *Wright v. Hilo Tribune–Herald, Ltd.,* 31 Haw. 128, 130 (1929) (truth of matter contained in publication is complete defense). Literal truth of a publication need not be established, only that the statement is "substantially true". *Alioto v. Cowles Communications, Inc.,* 623 F.2d 616, 619 (9th Cir.1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981). The proof of truth is measured by the ordinary implication of the words, i.e., the "gist" or "sting" of the alleged defamation. *Kohn v. West Hawaii Today, Inc.,* 65 Haw. 584, 590, 656 P.2d 79 (1982).

■ Here, the "gist" of the paragraph was that Remeliik's relatives received a letter stating that Basilius and one Salii had been promised $18.5 million if they could manage the passage of the Compact and that these two had hired assassins to kill Remeliik. The paragraph does *not* allege that these underlying allegations are true; it simply reports that the relatives did receive such a letter. The parties do not dispute that the letter exists. Indeed, at least three such letters exist, and counsel for both parties attached copies and translations of the letters to their pleadings.

Plaintiff asserts that the paragraph in fact implies that he actually murdered Remeliik and was bribed to advance passage of the Compact. Read in the context of the whole article, however, the conclusion is inescapable that the paragraph does not so allege. To begin with, the subtitle of the article states in large print:

Two years ago the first president of this tiny island nation was gunned down. No one yet knows for sure who killed him and why.

Second, the paragraph describing the accusations in the letter clearly attributes them to the letter. Third, the statements were written in the context of a discussion of one of several theories of why Remeliik may have been killed—the "conspiracy theory". Other theories discussed in the article were that the assassination was perpetrated by a "crazy person", by "unhappy foreign investors" or as revenge. Fourth, the second paragraph following the paragraph at issue states that the attorney general of Palau refused to investigate Basilius' alleged involvement in the conspiracy due to the anonymous nature of the letters. Finally, the last paragraph of the article reiterates that none of the controversies had been resolved at the time of the writing of the article.

Plaintiff next contends that while the first sentence of the paragraph at issue is attributed to the letter, the final three sentences are not. Plaintiff apparently believes that the sentences should all begin: "The letter said ...". Taken in context, this is not necessary. The average reader would not believe that only the first sentence was attributable to the letter, and that the remaining sentences were assertions of fact by the author. Indeed, this assertion seems almost disingenuous when one considers that the first sentence of the next paragraph states: "The Americans, *the letter continued,* were then hidden until they caught an Air Micronesia/Continental flight to Guam the next morning." (emphasis added).

Plaintiff's arguments that he did not kill Remeliik and was not bribed to do so, that the letters came from an anonymous source and were neither reliable nor newsworthy are immaterial to the Motion before the court. These arguments would all be relevant at trial, when a determination of the truth or falsity of the underlying allegations as well as the standard of care to which the publisher adhered would be made. The court's present inquiry concerns the truth of the statements contained in the paragraph. If these statements are true, our Constitution affords them complete protection.

Defendants cite several cases that are analogous to the present one. For example, in *Janklow v. Newsweek,* 759 F.2d 644 (8th Cir.1985), an article described a feud between Indian activist Dennis Banks and

the governor of South Dakota, William Janklow. The article stated that Banks had brought charges against Janklow in tribal court for assault. The assault charges were reportedly based on statements by a 15 year old Indian girl who baby-sat for Janklow that Janklow raped her in 1969. The article reported that federal officials had found insufficient evidence to prosecute Janklow, but that Banks had persuaded tribal chiefs to reopen the case while Janklow was running for attorney general. Janklow refused to appear, and the tribal court, finding probable cause to believe the charges, barred him from practicing law on the reservation.

Janklow filed suit for defamation. He claimed that the article was defamatory because it omitted certain facts and implied that he was guilty of rape and had subsequently prosecuted Banks in retaliation for the reported events.

The Eighth Circuit found a triable issue of fact as to the third contention, but affirmed summary judgment as to the first two. The court reasoned that the facts reported regarding the alleged rape were true. A girl did make an allegation of rape, federal officials did decline to prosecute, and the tribal court did bar Janklow from practicing law on the reservation. *Janklow*, 759 F.2d at 647. The court concluded: "To the extent that the publication of the (girl's) rape allegation has caused harm to Janklow's reputation, this harm is the result of a materially accurate report of a historical fact, not of an assertion by *Newsweek* that Janklow committed the alleged crime." *Id.* at 649. *See also Brake and Alignment World v. Post–Newsweek*, 10 Media L.Rptr. 2457, 2458 (Fla.Cir.Ct. 1984) (not libelous to restate prior accusations that plaintiff had been accused by State Attorney General of bilking customers); *Sivulich v. Howard Publications*, 126 Ill.App.3d 129, 81 Ill.Dec. 416, 466 N.E. 2d 1218 (1984) (summary judgment for defendant upheld on grounds that report that plaintiff was charged with aggravated assault, when read in context, was substantially true, although plaintiff had in fact only been subject to civil suit).

In sum, the case presently before the court is analogous to *Janklow*. The "gist" of *Honolulu* magazine's report was that Remeliik's relatives received an anonymous letter accusing Basilius of being promised $18.5 million and of hiring assassins to kill Remeliik. These statements are true; at a minimum, they are "substantially true". *See Alioto*, 623 F.2d at 619. This letter and at least two others exist. The paragraph accurately restated the accusations contained in the letter. As in *Janklow*, the paragraph was "a materially accurate report of a historical fact" and did not imply that the underlying allegations were true. Regardless of whether the underlying allegations' truth may be disputed, there is no material dispute that the letters exist, and that defendants reported the "gist" of them. In light of the foregoing, particularly given the favored nature of summary judgment in First Amendment cases, a grant of summary judgment is appropriate here.

### NEUTRAL REPORTAGE DEFENSE:

No material dispute exists as to the truth or falsity of the paragraph at issue. Therefore, the court declines to address, and expresses no opinion as to the validity of, the neutral reportage defense.

### EMOTIONAL DISTRESS CLAIM:

█ This claim stands or falls with the defamation claim; it is parasitic of it. Courts have found that to hold otherwise would permit plaintiffs to "end run" the Constitution. *See Flynn v. Higham*, 149 Cal.App.3d 677, 197 Cal.Rptr. 145 (1983) (allowing independent cause of action for intentional infliction of emotional distress based on same acts which would not support defamation action would render meaningless any defense of truth or privilege); *Blatty v. New York Times Co.*, 42 Cal.3d 1033, 232 Cal.Rptr. 542, 728 P.2d 1177 (1986) (First Amendment defenses are applicable to all claims, of whatever label, whose gravamen is the alleged injurious falsehood of statement). Summary judgment as to this claim thus also will be

granted to defendants. Good cause appearing therefor,

IT IS HEREBY ORDERED that defendants Honolulu Publishing and Edward Rampell's Motion for Summary Judgment shall be and hereby is GRANTED as to both causes of action.