**JAKE P. KING, Plaintiff**

**v.**

**CHARLES V. ALA'ILIMA and MONICA MILLER, Defendants**

High Court of American Samoa
Trial Division

CA No. 38-90

July 2, 1990

---

[2] The facts of this case are very similar to the matter at bar.

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and OLO, Associate Judge.

Counsel: For Plaintiff, Togiola T.A. Tulafono
　　　　 For Defendants, Ellen A. Ryan

On Motion to Dismiss:

### Introduction

Plaintiff Jake P. King claims to have been defamed by a letter written by defendant attorney Charles Ala'ilima on behalf of his client Monica Miller. This letter was written on August 17, 1989, in response to an article published in the Samoa Journal. At the time, King was the President of the American Samoa Development Corporation (hereinafter A.S.D.C.). The letter, addressed to the Chairman of the Board of Directors of the A.S.D.C., Aumoeualogo Soli, complained that the Samoa Journal article contained false statements about his client's participation in a strike by the employees of the A.S.D.C.'s Rainmaker Hotel. King alleges to have been defamed by the letter's following passage:

> This blatant attempts [sic] at intimidation and Mr. King's public and untruthful comments regarding the strike and the coverage remind me of a very similar event that recently occurred in China. Students and workers there exercised free speech and were suppressed. That communist government is now trying to say that nothing happened and that only a few radicals aided by biased media coverage caused all the trouble. Your President and Manager is engaged in the

7

exact same process only here the individuals have
rights to pursue this matter in court.

The plaintiff expansively views this as a charge of suppressing a public demonstration by running over and killing demonstrators with armored vehicles. Defendants here move to dismiss on various grounds.

*Discussion*

Defamation is defined in A.S.C.A. § 43.5201.[1] To be defamatory, a statement must be one of fact and not of opinion. *Gertz v. Welch*, 418 U.S. 323 (1974); *Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219, 223 (2d Cir. 1985); *Church of Scientology of California v. Cazares*, 638 F.2d 1272, 1286 (5th Cir. 1981). This distinction is founded on the notion that under "the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Gertz v. Welch*, 418 U.S. 323, 339-40 (1974).[2]

The first question, then, is whether the statement is one of opinion or rhetorical hyperbole as opposed to one of fact. This is a question of law for the court. *Mr. Chow of New York, supra*, at 223; *Information Control Corporation v. Genesis One Computer Corporation*, 611 F.2d 781, 783 (9th Cir. 1980). This inquiry must be from the perspective of an ordinary reader. *Mr. Chow of New York, supra*, at 224. To analyze the difference between statements of fact and opinion, a court must examine both the language itself and the context surrounding the allegedly defamatory language. *Id.* at 223; *Information Control Corporation, supra*, at 783. "Even apparent statements of fact may assume the character of statements of opinion, and thus be privileged, when made in public debate [or] heated labor dispute . . . ." *Id.* at 784.

---

[1] This section reads in pertinent part:

> Defamation is effected by (1) libel which is a false and unprivileged publication by writing, printing, picture, effigy, or any other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy or which causes him to be shunned or avoided or which has a tendency to injure him in his occupation.

[2] Freedom of speech is also constitutionally entrenched in art. 1, § 1, Rev'd. Const. Am. Samoa.

Language which taken alone might appear to be a statement of fact may well be a statement of opinion when viewed in context.

Ala'ilima's letter is clearly a statement of opinion. The letter arose out of a tumultuous public controversy centered around the hotel's labor dispute. The only statement even arguably of fact is the sentence reading "[y]our President and Manager is engaged in the exact same process . . . ." However, when read in context, this statement must be read as opinion. Ala'ilima states that the events "remind" him of the actions in China; this indicates that he is voicing his opinion that the two incidents bear certain similarities. No "ordinary reader" of the offending letter could believe that King was trampling protesters with tanks, or even that Ala'ilima was seriously alleging this.[3]

In sum, Al'ilima's criticism of King's actions consisted of his opinion; as such it is constitutionally protected and hence not actionable. The defendants' motion to dismiss is granted.

It is so Ordered.

---

[3] It might well be said that the nature of the allegedly defamatory statements as opinion is further evidenced by the character of the letter itself as an attorney's demand letter. Strong language and biased viewpoints are typically the stuff of demand letters, hardly fountains of pure fact and hard truth.