Houston, Julian T., J.

INTRODUCTION

Plaintiff, Kevin Loughman, brought this action to recover damages arising out of an allegedly libelous statement republished on July 13, 1998 by the defendant, Maura Feeley (“Feeley”), in her capacity as Assistant District Manager of defendant First Security Services Corp. (“FSSC”).[2] This matter is before the court on the defendants’ motion to dismiss under Mass.R.Civ.P. 12(b)(6). For reasons set forth below, the defendants’ motion to dismiss is ALLOWED.

BACKGROUND

The facts stated in the complaint, which are taken as true for purposes of considering the defendant’s motion to dismiss, are as follows. Loughman was an employee of FSSC working as a security guard between June 1994 and November of 1998. Complaint, pg 5. Until July of 1998, Loughman was assigned to secure the building sites of Lotus Development Corporation (“Lotus”). Id. at 13.
On July 2, 1998, Feeley, the Assistant District Manager of FSSC, transferred Loughman from the Lotus site to the GTE Burlington facility because of personnel conflicts between Loughman and another FSSC security guard. Id. at 11-13. Loughman perceived the transfer as a demotion. Id. at 13. While at the new facility, Loughman was repeatedly exposed to toxic and noxious chemicals. Id. at 14. During this same time period Loughman was emotionally recovering from the untimely death of his father. Id. at 11. The aggregate weight of his demotion, the chemical exposures and his father’s death led Loughman to experience problems with his physical and mental health including “frequent bouts of depression, anxiety [and] manic behavior . . .” Id. at 14-16.
Loughman sought assistance with obtaining a doctor and workmen’s compensation to address the concerns with his physical and mental health. Id. at 16-17. After several unsuccessful attempts to contact Feeley by phone, Loughman sought the assistance of Maura Mahoney, the security manager of Lotus. Id. at 17.
On July 10, 1998 Mahoney contacted Feeley to inform her that Loughman had made several calls to her throughout the day seeking assistance. At the end of the telephone conversation, Mahoney referred to Loughman as “lunatic.” E-mail, pg. 2.
On July 13, 1998 Feeley wrote an e-mail memo to other managers of FSSC entitled the “Chronology of Lotus: K. Loughman’s incident” describing Feeley’s handling of Loughman’s personnel conflict at Lotus. Id. Feeley recounted the July 10th, 1998 conversation she had with Mahoney, republishing Mahoney’s statement that Loughman was “lunatic.” Complaint, pg. 19.

DISCUSSION

When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), the court must determine whether the complaint states a claim upon which relief may be granted. The court must accept as true the factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” See Nader v. Citron, 372 Mass. 96, 98 (19770, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though... the theory on which he seems to rely may not be appropriate.” See Nader, 372 Mass. at 104.
The determination whether the statement complained of is capable of a defamatory meaning is for the court. See Jones v. Taibbi, 400 Mass. 786, 792 (1987). Words may be found to be defamatory if they hold the plaintiff up to contempt, hatred, scorn or ridicule, or tend to impair his standing in the community. See Eyal 411 Mass. at 429 citing Poland v. Post Publishing Co., 330 Mass. 701, 704 (1953). An opinion based on disclosed or assumed non-defamatory facts is inactionable, no matter how unjustified, unreasonable, or unflattering the opinion. See Lyons v. Globe Newspaper Co., 415 Mass. 258, 262 (1993). Whether statements can be understood reasonably as fact or opinion “the test to be applied . . . requires that the court examine the statement in its totality in the context in which it was . . . published . . . including the medium by which the statement is disseminated and the audience to which it is published.”'See Cole v. Westinghouse Broadcasting Co., 386 Mass. 303, 309 (1982), citing Information Control Corp. v. Genesis One Computer Corp., 611 F.2d 781, 784 (9th Cir. 1980).
Applying this test and examining the word “lunatic” in the context in which it was published, the court finds that Loughman’s complaint should be dismissed for failure to state a claim. The statement on which he bases his complaint is not defamatory because it is an expression of opinion and not of fact.
*180 Loughman alleges in his complaint that Feeley’s republication of the statement was intended by Feeley be a statement of fact since she was aware of his perceived physical and mental health concerns when republished Mahoney’s statement. Loughman further cites a clinical and legal definition of “lunatic” as “conditions of mental illness and/or mental incompetence or deficiency... a condition which normally and historically has involved institutionalization” as evidence that Feeley republished the statement aware of mental condition at the time. Complaint, pg. 20.
Loughman’s complaint does not state, however, that Feeley was specifically aware of any of his ailments. Feeley’s e-mail documenting her conversation with Loughman only stated that he informed her that “the matter has caused him distress and that he would need to see a doctor and file a workers’ compensation claim.” E-mail pg. 2. There are no allegations to support the inference that Feeley’s knowledge of Loughman’s self-perceived condition warrants an interpretation of the use of the word “lunatic” in its legal and clinical sense. See King v. Globe Newspaper Co., 400 Mass. 705, 711-12 (1987) (statements alleged to be defamatory should be interpreted reasonably and should not be subject to a strained interpretation of their meaning). There is no basis in the complaint, therefore, to infer that Feeley’s republication of “lunatic” was based in part on her specific knowledge of Loughman’s mental condition at the time the statement was made.
Furthermore, Feeley republished Mahoney’s comment that Loughman was “lunatic” in an email distributed to other FSSC managers detailing her efforts to resolve the personnel conflict between Loughman and another security guard at the Lotus site. Part of the chronology outlined in the e-mail was Feeley’s conversation with Mahoney regarding Loughman’s persistent efforts to seek Lotus’ and Mahoney’s assistance. Lotus is an FSSC client, and as such, any action by an employee of FSSC that may potentially harm the business relationship is of concern to FSSC’s management. Mahoney’s opinion regarding her interaction with Loughman is thus of relevance to FSSC management. No allegation is made that Mahoney and Feeley discussed his mental health to infer that either Mahoney’s or Feeley’s use of the statement “lunatic” was made in reference to his mental condition.
A review of Massachusetts cases shows consistent categorization of similar allusions to mental health as expressions of opinion or “rhetorical hyperbole.” See Fleming v. Benzaquin, 390 Mass. 175, 181-84 (1983) (terms “absolute barbarian” and “nut” characterizing the plaintiffs conduct are not actionable for defamation); Mourad v. Boston Globe Newspaper Co., 60 Mass.App.Ct. 1106 at 2 (2003) (referring to an individual as “paranoid” is hyperbole because “no reasonable person could interpret the statement as a disclosure that the plaintiff suffers from clinical paranoia”); Tech Plus, Inc. v. Ansel 59 Mass.App.Ct. (employee’s statement that his supervisor was “sick” and “mentally ill” constitutes rhetorical hyperbole and not defamatory fact).
Loughman’s complaint is dismissed state a claim because “lunatic,” as republished by Feeley, is a statement of opinion, and thus fails to satisfy the basic element of defamation which requires a statement of fact.

ORDER

For the foregoing reasons, the defendant’s motion to dismiss is ALLA) WED.

 Securitas Security Services USA, Inc. is the successor First Security Services Corporation and brings this motion in the name of FSSC.