■ OSWALD WILSON, Respondent, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Appellants. (And Another Action.) — In an action, *inter alia,* to recover damages for injury to plaintiff's reputation due to libel, defendants appeal from an order of the Supreme Court, Kings County (Jones, J.), dated January 26, 1984, which denied their motion for summary judgment dismissing the complaint for failure to state a cause of action.

Order reversed, on the law, with costs, motion for summary judgment granted, and complaint dismissed.

Plaintiff commenced the instant action specifically alleging that a certain letter written to him by the individual defendant, an attorney in the legal department of the corporate defendant, contained libelous statements. However, a plaintiff suing in libel, who does not adequately plead or prove special damages, as in the instant case, must establish that the defamatory statements "'"tend * * * to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society"'" (*Matherson v Marchello,* 100 AD2d 233, 236, quoting from *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, *cert denied* 434 US 969, quoting further from *Sydney v Macfadden Newspaper Pub. Corp.,* 242 NY 208, 211-212). The challenged letter herein is simply a business communication concerning plaintiff's failure to pay an alleged debt; the statements complained of fall short of defamation as a matter of law (*cf. Moran v Hearst Corp.,* 40 NY2d 1071, 1072; *James v Gannett Co.,* 40 NY2d 415, *rearg denied* 40 NY2d 990). Moreover, since the record is barren of any evidence tending to show that plaintiff's reputation in the

community has been diminished as a result of the letter, and in fact, plaintiff acknowledged at his pretrial deposition that the letter did not cause him to suffer any ridicule from third parties, the first cause of action seeking to recover damages for libel must be dismissed.

Plaintiff's second cause of action seeking damages for intentional infliction of emotional distress must also fail, since plaintiff does not present any evidence that defendants are guilty of conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303, quoting from Restatement [Second] of Torts § 46 [1] comment d). Moreover, it would be improper to allow plaintiff to evade the specific prerequisites for a libel action by presenting his cause of action in terms of the generalized tort of intentional infliction of emotional distress (*see, Murphy v American Home Prods. Corp., supra,* p 303; *see also, Terwilliger v Wands,* 17 NY 54; *Wilson v Goit,* 17 NY 442). Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.