Dorchen **LEIDHOLDT**, a citizen of New York, Plaintiff,

v.

**L.F.P., INC.**, a California corporation, also sometimes designated as LFP, Inc.; L.F.P., Inc., d/b/a Larry Flynt Publications; Hustler Magazine, Inc., a California corporation; Larry Flynt, a citizen of California; Althea Flynt, a citizen of California; Flynt Subscription Company, Inc., a Nevada corporation, Island Distributing Company, Ltd., a B.W.I. Company; Larry Flynt Distributing Company, Inc., a California corporation, N. Morgen Hagen, David Kahn, and Jim Goode, Defendants.

No. C86–0112–B.

United States District Court, D. Wyoming.

Nov. 18, 1986.

Elizabeth Greenwood, Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiff.

George E. Powers, Godfrey & Sundahl, Cheyenne, Wyo., David O. Carson, Kirk Sullivan, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER DUE TO IMPROPER VENUE

BRIMMER, Chief Judge.

This matter came before the Court on the defendants' motion to dismiss or transfer this action due to improper venue. The Court, having reviewed the pleadings and the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

The plaintiff brought this action for damages against the defendants, based on their alleged involvement with the creation and dissemination of a particular article in *Hustler* magazine. The plaintiff asserts claims for intentional infliction of emotional injury, libel, invasion of privacy, outrage, invasion of constitutional rights, violation of 18 U.S.C. § 1964(a) (RICO), conspiracy to violate her civil rights pursuant to 42 U.S.C. § 1985(3), and violations of Wyoming state statutes. The facts of this case, as set out in the plaintiff's complaint and the affidavits and exhibits submitted by both sides, are as follows:

During or near June of 1985, the defendants *Hustler*, Flynt and L.F.P., Inc., published and caused to be distributed throughout the United States and elsewhere, including Wyoming, the June, 1985 issue of *Hustler* magazine. The issue contained an article about the plaintiff, Dorchen Leidholdt. Ms. Leidholdt, a citizen of New York, retained a Wyoming law firm and filed this suit in this Court, alleging injuries as a result of the defendants' actions.

The defendants have filed numerous and varied motions objecting to jurisdiction and to venue. The Court finds that the objection to venue is common to all the defendants. Since the resolution of the venue issue is dispositive of this Court's authority to hear this case, the Court need not reach the objections to jurisdiction.

In their motion for dismissal or transfer due to improper venue, the defendants argue that venue is a condition independent from jurisdiction which must satisfy a different set of criteria. They note that proper venue is a statutory requirement not subject to judicial discretion, and that this case is governed by 28 U.S.C. § 1391(b). Under § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversi-

ty of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." They argue that Wyoming cannot be a proper venue because none of the defendants reside here and because the claim did not arise here.

. In regard to the issue of "where the claims arose," the defendants contend that the proper test for determining this was set forth by the federal district court in Massachusetts in *Johnson Creative Arts, Inc. v. Wool Masters, Inc.,* 573 F.Supp. 1106 (D.Mass.1983), *aff'd,* 743 F.2d 947 (1st Cir. 1984). They assert that under *Johnson* the test for venue under the "claim arising" provision of § 1391(b) is "[w]hether a substantial portion of the acts giving rise to the plaintiff's claim occurred in this district. . . . (citations omitted) In applying this test, the court must consider the availability of witnesses, the accessibility of other relevant evidence and the convenience of the defendant." *Johnson Creative Arts, Inc. v. Wool Masters, Inc., supra,* 573 F.Supp. at 1112.

Applying this test, the defendants argue that venue is improper in Wyoming. They argue that a "substantial portion" of the plaintiff's claim arose either in New York, where the plaintiff lives and would suffer the harm, or in California, where the defendants resided at the time of the article's creation, publication and distribution. Although, the defendants concede, the plaintiff may have suffered some harm in all states in which the magazine was sold, more of the events relating to the claim occurred in either New York or California. Furthermore, witnesses are in New York and California, not Wyoming, evidence is in California and/or New York, and the convenience of defendants is definitely not in Wyoming.

The defendants additionally argue citing to *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), that proper venue lies in only one district, and very rarely in more than one. This principle is in conflict with finding venue in every district in which the maga-

zine was sold. Therefore, taking this principle together with the above-stated test, venue does not properly lie in Wyoming.

The plaintiff cursorily responded, contending only that the defendants overlooked the principles of *Keeton v. Hustler,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), and concluding that venue is proper in Wyoming.

Based on the reasons articulated below, the Court finds that the plaintiff misunderstands the purpose and principles of venue and that venue is not proper in the district of Wyoming.

The defendants correctly contend that § 1391(b) governs this case, since federal jurisdiction is based on federal question, as well as diversity jurisdiction. They are also correct in stating that venue may be proper in Wyoming only if that is "where the claim arose" since none of the defendants reside in Wyoming. Therefore, the issue is, for purposes of venue, where did the claim arise?

First, the Court notes that the answer to this question can only be found in rules regulating venue. Rules regulating other procedural matters, especially jurisdiction, do not have authority over venue. It is well settled that venue is a separate requirement from jurisdiction and one which the plaintiff must establish independently from jurisdiction. *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Neirbo Co. v. Bethlehem Corp.,* 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939); *Johnson Creative Arts, Inc., v. Wool Masters, Inc., supra,* 743 F.2d 947; *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.,* 760 F.2d 312 (D.C.Cir.1985); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3801 (2nd ed. 1986). As the First Circuit has stated, "[t]he two concepts are independent of each other and must be interpreted with their respective underlying objectives and rationales in mind." *Johnson Creative Arts, Inc., v. Wool Masters, Inc., supra,* 743 F.2d at 952.

The Supreme Court articulated the distinction between jurisdiction and venue in 1939 when it ruled that jurisdiction was essentially the power of the court to adjudicate an action, whereas venue was the place where that authority could be exercised, as determined by the convenience of the litigants. *Neirbo Co. v. Bethlehem Corp., supra,* 308 U.S. at 167–68, 60 S.Ct. at 154–55. Chief Justice Rugg of the Supreme Judicial Court of Massachusetts further elucidated this point:

> "Jurisdiction is a term of comprehensive import. It concerns and defines the power of judicatories and courts. It embraces every kind of judicial action touching the subject of the action, suit, petition, complaint, indictment or other proceeding. It includes power to inquire into facts, to apply the law, to make decision and to declare judgment. Venue in its modern and municipal sense relates to and defines the particular county or territorial area within the State or district in which the cause or prosecution must be brought or tried. It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all." *Paige v. Sinclair,* 237 Mass. 482, 130 N.E. 177, 178–79 (1921), (citations omitted).

In the struggle between the plaintiff who strives to bring a suit, and the defendant who strives to resist the suit, jurisdiction and venue serve as procedural devices to balance the power between the two sides. As the First Circuit has observed:

> [Venue] is a privilege given to the defendant primarily as a matter of convenience and is not based on an inherent power of a particular court over the parties.... [T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place for trial. Longarm statutes, and extraterritorial service through the concept of minimum contacts ... allow a defendant to be haled into a distant court to allow a state to protect *its* interests, and the interests of *plaintiffs*, to the extent that

doing so is not so unfair as to deny a defendant due process of law.

*Johnson Creative Arts, Inc., v. Wool Masters, Inc., supra,* 743 F.2d at 951 (citations omitted). (Emphasis in original).

■ Thus, after the rules for jurisdiction render the defendant vulnerable to suits in a host of different forums, venue steps in to limit the choice of forum. Proper venue is guided by, for the most part, two principles: (1) the purpose of venue is to protect the defendant from being haled into inconvenient forums, and (2) usually venue is proper in only one place, though very rarely it may be proper in more than one. In the leading case on venue, and § 1391(b) in particular, *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1978), the Supreme Court reiterated these principles. In regard to the latter point, the Court stated: "It is absolutely clear the Congress did not intend to provide for venue at the residence of the plaintiff or to give the party an unfettered choice among a host of different districts," and that it would be a most unusual case in which it is not clear "that the claim arose in only one specific district." *Id.,* at 185, 99 S.Ct. at 2717.

This second principle has been ignored by the plaintiff asserting venue under the § 1391(b) criterion of "where the claim arose." The plaintiff has apparently confused jurisdiction and venue, consequently finding proper venue in every district with jurisdiction. This mistake is particularly easy to make with libel claims in the wake of *Keeton v. Hustler, supra,* 465 U.S. 770, 104 S.Ct. 1473, which held that *for purposes of jurisdiction,* the libel claim arose in every jurisdiction wherein the allegedly libelous material was distributed. However, although *Keeton* expanded jurisdiction for libel plaintiffs, it did not expand venue. See *Johnson Creative Arts, Inc., v. Wool Masters, Inc., supra,* 743 F.2d at 952; *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest., supra,* 760 F.2d at 315.

This confusion may be resolved by looking to the purpose of the "where the claim

arose" language in § 1391(b). As numerous courts and commentators have already noted, the phrase was not intended to expand venue to more than one district, but tended to "fill the gap" in the venue statute which occurred when multiple defendants resided in different districts. *Leroy v. Great Western United Corp., supra,* 443 U.S. at 184, 99 S.Ct. at 2716–17; 15 C. Wright, A. Miller & E. Cooper, *supra,* § 3806. Therefore, although the language "where the claim arose," taken by itself, may implicate numerous locales, in the context of venue it points to only one district, and to more than one in only unusual situations.

Cognizant of these principles, the Supreme Court set forth the standard for determining where the claim arose under § 1391(b) in *Leroy v. Great Western United Corp., supra,* 443 U.S. at 185, 99 S.Ct. at 2717:

> In our view, therefore, the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim. Cf. *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 493–494, 93 S.Ct. 1123, 1128–29, 35 L.Ed.2d 443.

In application, for those cases which do not have only one obvious forum, the test requires that the court consider the contacts with different districts and determine with which district the case has the strongest contacts. In the course of weighing the contacts with the various districts, the Court must consider the factors listed by the Supreme Court in *Leroy:* availability of witnesses, accessibility of other relevant evidence and the convenience of the defendant, but *not* of the plaintiff. 15 C. Wright, A. Miller & E. Cooper *supra,* § 3806, at 68–72; *Johnson Creative Arts, Inc. v. Wool Masters, Inc., supra,* 743 F.2d 947; *Noxell v. Firehouse No. 1 Bar-B-Que Rest., supra,* 760 F.2d 312; *Pfeiffer v. International Acad. of Bio. Med.,* 521 F.Supp. 1331 (W.D.Mo.1981).[1]

This case, brought by a New York resident against mostly California defendants based on an allegedly libelous article which was distributed nationwide, does not point to one obvious forum where venue is proper. The plaintiff alleges that venue is proper in Wyoming, arguing that *Keeton, supra,* and *Calder v. Jones, supra,* extend venue for libel claims to every district in which the allegedly libelous statements were circulated. As the previous discussion indicates, the plaintiff has misunderstood the principles and rules of venue. *Keeton* and *Calder* address jurisdiction, not venue and are irrelevant to the issue currently before the Court.

Wyoming, and any other district claimed as the proper venue because that is where the claim arose, must meet the *Leroy* test. Applying this test to this case, it is clear, in the words of Judge McKay, that "wherever the claim did arise in this case, it certainly was not Wyoming." *Hustler Magazine v. United States Dist. Court,* 790 F.2d 69 (10th Cir.1986), (concurring).

First, in regard to contacts between the events of the case and a district, the Central District of California and the Eastern District of New York are the most obvious choices. The article was written and published in California, and all of the defendants objecting to venue here resided in California at the time the incidents oc-

---

1. The Court is cognizant of the confusion and unanswered questions *Leroy* has spawned. See *Pfeiffer v. International Acad. of. of Bio. Med., supra;* 15 C. Wright, A. Miller & E. Cooper, *supra,* § 3806. However, as with other cases which have applied the *Leroy* standard, the ven- ue issue in this case can be resolved without confronting the contradiction it causes in the transfer provision, 28 U.S.C. § 1404(a), or the void it leaves for the highly unusual case when venue is proper in many districts.

curred. The plaintiff resides in New York City. Any injury she suffered as a result of these allegedly libelous statements would have been felt most strongly where she resided and is known. Although she may have suffered some injury to her reputation in Wyoming as a result of those in Wyoming who read the article, the contacts to California and New York are much stronger.

Second, in regard to the convenience of witnesses, California or New York is the appropriate forum. No witnesses reside in Wyoming. All of the defendants' witnesses reside in California. The plaintiff's witnesses are, presumably, in New York.

Third, in regard to the accessibility of evidence, California is the most appropriate forum. No evidence is in Wyoming. All of the defendants' evidence is in California where they reside and where their corporate offices are located. The plaintiff's evidence is presumably in New York, although she has not specified where all of her evidence may be. In any event, the bulk of the evidence is in California since that is where the article was written and published, and where the defendants' business records are maintained.

Finally, in regard to the convenience of the defendants, the defendants have emphatically stated that Wyoming is one of the most inconvenient forums in which they would ever be haled. In light of the fact that apparently all of them reside in California and all of their witnesses and evidence are in California, the Court finds that California is indeed the most convenient forum for the defendants.

Based on the above consideration, the Court finds that Wyoming is an improper venue for this case because that is not where the claim arose. According to the *Leroy* test, the Central District of California is where the claim arose and is therefore the proper place for venue. Consequently, the Court, pursuant to the power vested in it by 28 U.S.C. § 1406(a), hereby transfers the above captioned action to the United States District Court for the Central District of California. Therefore, it is

ORDERED that the defendants' motion to transfer this action due to improper venue be, and the same hereby is, granted, and this matter be transferred to the United States District Court for the Central District of California.