### Dorchen LEIDHOLDT, Plaintiff–Appellant,

v.

### L.F.P. INC.; L.F.P. Inc., dba Larry Flynt Publications; Hustler Magazine, Inc.; Larry C. Flynt; Althea Flynt; Flynt Subscription Company, Inc.; Island Distributing Company, a B.W.I. Company; LFZ, Ltd., a B.W.I. Company; Larry Flynt Distributing Company, Inc.; N. Morgen Hagen; David Kahn; Jim Goode, Defendants–Appellees.

No. 87–6328.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1988.

Decided Oct. 26, 1988.

---

Gary L. Shockey, Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiff-appellant.

David O. Carson, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendants-appellees.

Before TANG, FLETCHER and PREGERSON, Circuit Judges.

FLETCHER, Circuit Judge:

Dorchen Leidholdt appeals the district court's dismissal, for failure to state a claim, of her diversity action for libel, intentional infliction of emotional distress, and invasion of privacy arising from an article Hustler published about her. She also appeals the district court's indication that it will award sanctions against her and her attorney. We affirm the dismissal of Leidholdt's tort claims; we dismiss the sanctions issue for lack of jurisdiction under 28 U.S.C. § 1291.

## BACKGROUND AND PROCEEDINGS BELOW

Dorchen Leidholdt, a New York citizen, is a vigorous opponent of pornography. She is a founding member of the organization Women Against Pornography, has given public speeches against pornography, and has debated its proponents in the national media. By her own description, Leidholdt's activities suffice to make her a "public figure." First Amended Complaint, ER 1, p. 2, ¶ 1. Hearing Transcript, ER 2, 11:7-12.

L.F.P., Inc. (Larry Flynt Publications), a California corporation, owns Hustler Magazine (Hustler).[1] Hustler regularly includes an "Asshole of the Month" column, in which some personage whose activities Hustler opposes is vilified in graphic terms. The column has frequently elicited libel actions from its subjects. See especially *Ault v. Hustler Magazine*, 860 F.2d 877 (9th Cir.1988), a factually similar case decided by this panel; see also *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278 (D.Wyo.1986), 668 F.Supp. 1408 (C.D.Cal. 1987) (after transfer); *Spence v. Flynt*, 647 F.Supp. 1266 (D.Wyo.1986).

Leidholdt brought this action in Wyoming in federal district court following publication of Hustler's June, 1985 issue featuring her in one of its columns. Column reproduced at ER 1, Exhibit A; Appellant's Br. at 2. The article describes and criticizes some of Leidholdt's views of the relationship between pornography and violence, rails against the threat she presents to Hustler's first amendment freedoms, and criticizes Leidholdt and her fellow anti-pornographers in vivid scatological terms, employing such phrases as "pus bloated", "sexually repressed", "[h]ating men, hating sex, and hating themselves", and "this frustrated group of sexual fascists." The article was accompanied by a small photograph of Leidholdt's face superimposed over the buttocks of a bent-over naked man.

The case was transferred from the District of Wyoming to the Central District of California, *Leidholdt v. L.F.P., Inc.*, 647 F.Supp. 1283 (D.Wyo.1986), where Hustler moved for dismissal of the complaint for failure to state a claim. Before the hearing Leidholdt voluntarily dismissed some claims for relief, leaving those for libel, invasion of privacy, intentional infliction of emotional harm, and outrage.[2] The district court granted the motion to dismiss these

---

1. Additional defendants include the publisher, Larry Flynt; the late copublisher, Althea Flynt; several subscription and distributing companies; and three editors allegedly involved in publication of the article at issue, David Kahn, Jim Goode, and N. Morgen Hagen.

2. Leidholdt has conceded on appeal that under California and New York law the tort of outrage is not separable from intentional infliction of emotional distress; we accordingly consider outrage and emotional distress as one claim, though they were separately pleaded in the complaint.

remaining claims, apparently on the ground that the Hustler article was constitutionally protected opinion. At the close of the hearing the judge also asked Hustler to submit a declaration of costs and attorney's fees incurred since transfer of the case to California. ER 2 at 56, 11–12. Apparently Hustler had no motion for sanctions pending at the time.[3]

Leidholdt timely appealed. We have jurisdiction over the dismissed claims under 28 U.S.C. § 1291.

## DISCUSSION

The questions presented on this appeal are first, whether the district court erred in dismissing Leidholdt's tort claims, and second, whether we have jurisdiction to review the court's actions regarding sanctions. The parties also dispute whether California or New York law should govern the tort claims; however, given the grounds we find for affirmance, we need not resolve this choice-of-law issue.

▉ A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a legal ruling reviewed de novo. *Church of Scientology v. Flynn*, 744 F.2d 694, 695 (9th Cir.1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All allegations in the complaint must be treated as true. *Flynn*, 744 F.2d at 696.

## I. Libel, Intentional Infliction of Emotional Distress, and False Light

The threshold question before us is the same as that presented in *Ault v. Hustler:*

whether the Hustler article constitutes the expression of an opinion rather than of allegedly factual statements. For the reasons we set forth in *Ault*, if the article expresses opinion, then Leidholdt's claims for libel, intentional infliction of emotional distress, and false light invasion of privacy must fail. [860 F.2d at 880–881]. Only if the article is not an expression of opinion must we decide whether any of the allegedly false statements are per se defamatory or otherwise actionable.

If Hustler's statements constitute false statements of fact rather than opinion, then Leidholdt, as a public figure, cannot recover for defamation, emotional distress, or false light invasion of privacy unless she also shows that the false statements were made with "actual malice". *Hustler Magazine v. Falwell*, —— U.S. ——, 108 S.Ct. 876, 882, 99 L.Ed.2d 41 (1988); *Time, Inc. v. Hill*, 385 U.S. 374, 387–88, 87 S.Ct. 534, 541–42, 17 L.Ed.2d 456 (1967); *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964).[4]

▉ We turn first, therefore, to whether Hustler's article about Leidholdt was a constitutionally protected expression of opinion. The distinction between alleged fact and opinion is a question of federal law, reviewable de novo. *Lewis v. Time, Inc.*, 710 F.2d 549, 553, 555 (9th Cir.1983).

▉ This circuit employs a three-part test, first set forth in *Information Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 783–84 (9th Cir.1980), for distinguishing protected opinion from other speech. The factors are:

(1) whether the words can be understood in a defamatory sense in light of the

---

3. Leidholdt states that a sanctions motion Hustler filed in Wyoming district court, directed at certain claims in the First Amended Complaint, was dropped when Leidholdt stipulated to dismissal of those claims. Appellant's Br. at 43; CR 70.

4. If Leidholdt were not a public figure, under both California and New York law (the disputed sources of governing law), all three tort claims would still succeed or fail together. An emotional distress claim based on the same facts as an unsuccessful libel claim cannot survive as an

independent cause of action; *Flynn v. Higham*, 149 Cal.App.3d 677, 681, 197 Cal.Rptr. 145, 147 (1983); *Wilson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 66 N.Y.2d 988, 499 N.Y.S.2d 395, 489 N.E.2d 1297, aff'g 111 A.D.2d 807, 490 N.Y. S.2d 553 (1985); the tort of false light privacy is also, as Leidholdt concedes, sufficiently duplicative of libel to be subject to the same limitations. *Rinsley v. Brandt*, 700 F.2d 1304, 1307 (10th Cir.1983); *Fellows v. National Enquirer, Inc.*, 42 Cal.3d 234, 228 Cal.Rptr. 215, 218, 721 P.2d 97, 100 (1986).

facts surrounding the publication, including the medium by which and the audience to which the statement is disseminated; (2) whether the context in which the statements were made, *e.g.*, public debate or a labor dispute, would lead the audience to anticipate persuasive speech such as "epithets, fiery rhetoric or hyperbole"; and (3) whether the language used is the kind generated in a "spirited legal dispute."

*Ault,* at 881 (citing *Lewis,* 710 F.2d at 553, and *Information Control,* 611 F.2d at 783–84). Admittedly these factors overlap and will not cover all situations. The crux, however, is whether a reasonable listener or reader should know the speaker did not intend to be taken literally.

▮ Even without resort to the "facts surrounding the publication", Leidholdt's arguments that certain statements would be understood as defamatory in the sense of making false statements of fact about her are unavailing. It strains credulity to accept that the phrase "pus bloated walking sphincter" imputes to Leidholdt a "loathsome disease," or that by using the phrases "wacko", "vengeful hysteria", "twisted", and "bizarre paranoia" Hustler is asserting that Leidholdt is mentally ill. Hustler's statement that Leidholdt holds an "unfounded belief" that pornography causes rape and violence against women is not libelous because Hustler is entitled to question the conclusions she draws from her studies. Closer to the mark is her argument that the article's statements that she is "sexually repressed", believes "sex is humiliating and painful", and that she hates men, hates sex, and hates herself are false assertions of fact. However, even these statements must be considered in the context of the entire article. As we spelled out in *Ault,* the facts that Hustler is a magazine known for its pornographic content and is directed to an audience sympathetic to pornography, and that the "Asshole of the Month" column is an especially frequent vehicle for Hustler's lampooning of its critics, all will telegraph to a reader that the article presents opinions, not allegations of fact. See *Ault,* at 881; *Fudge v. Penthouse Int'l, Ltd.,* 840 F.2d 1012, 1017 (1st Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 65, 102 L.Ed.2d 42.

Furthermore, the context of the article makes clear that its content is opinion. Even apparent facts must be allowed as opinion "when the surrounding circumstances of a statement are those of a heated political debate, where certain remarks are necessarily understood as ridicule or vituperation, or both, but not as descriptive of factual matters." *Koch v. Goldway,* 817 F.2d 507, 509 (9th Cir.1987) (holding mayor's query whether her political opponent was a Nazi war criminal bearing the same name to be constitutionally protected opinion).

As we concluded in *Ault,* whether Hustler's side of the debate about pornography was presented in print or orally is immaterial. 860 F.2d at 881. While Hustler's remarks were not uttered in live public debate, it nevertheless is an active participant in an ongoing, heated debate on the subject. Readers of the article, recognizing that it concerns a public, vigorous opponent of pornography, will read Hustler's vituperation as exaggerated criticism of the views she holds. "[T]he audience and the audience's anticipations should be considered in determining whether a statement is fact or opinion." *Matter of Yagman,* 796 F.2d 1165, 1176 (9th Cir.1986).

Fortunately for Hustler, "[b]ase and malignant speech is not necessarily actionable." *Id.* at 510. As the Supreme Court recently noted, "Despite their sometimes caustic nature, from the early cartoon portraying George Washington as an ass down to the present day, graphic depictions and satirical cartoons have played a prominent role in public and political debate." *Hustler Magazine v. Falwell,* 108 S.Ct. at 881. Thus we are bound to find that Hustler's article is an expression of opinion in an important public debate and accordingly affirm the dismissal of Leidholdt's claims for defamation, intentional infliction of emotional distress, and false light invasion of privacy.

## II. *Other Tort Claims*

Count III of Leidholdt's complaint alleges simply that "said publication invades plaintiff's privacy", ER-1 at 13, ¶ 16(b);

she has since alleged in pleadings before us and the district court the sub-categories of false light, public disclosure of private' facts, and misappropriation of image. The district court gave no grounds for dismissing these claims; however, we may affirm on any basis supported in the record. *Golden Nugget, Inc. v. American Stock Exchange, Inc.*, 828 F.2d 586, 590 (9th Cir. 1987). Having disposed of the false light claim above, we now find that dismissal of the other two torts also was not error.

A) *Misappropriation of image*

■ Leidholdt argues that Hustler's use of her photograph to accompany the article was a wrongful misappropriation of her image. Under either New York or California law, this fails to state a claim because Leidholdt's image was not used exclusively for Hustler's commercial gain. N.Y.Civ. Rights Law § 51 (provides cause of action for use of picture without consent for advertising or purposes of trade); *Ann–Margret v. High Society Magazine, Inc.*, 498 F.Supp. 401, 406 (S.D.N.Y.1980); Cal.Civ. Code § 3344 (provides cause of action for commercial appropriation of plaintiff's name or likeness, but excepts "use ... in connection with any news [or] public affairs ... account"); *Brewer v. Hustler Magazine, Inc.*, 749 F.2d 527, 529–30 (9th Cir.1984). Instead, as we found in *Ault,* the photograph accompanied an article whose purpose, as an expression of Hustler's opinions in the pornography debate, was not simply commercial. The fact that Hustler Magazine is operated for profit does not extend a commercial purpose to every article within it. *See Davis v. High Society Magazine, Inc.*, 90 A.D.2d 374, 457 N.Y.S.2d 308, 313 (1982).

B) *Public Disclosure of Private Facts.*

■ California (but not New York) allows tort recovery for "the unwarranted publication of intimate details of one's private life which are outside the realm of legitimate public interest." *Sipple v. Chronicle Publishing Co.*, 154 Cal.App.3d 1040, 1047, 201 Cal.Rptr. 665, 669 (1984). Leidholdt argues that Hustler's article, by saying she is "sexually repressed", that she thinks sex is "humiliating and painful",

and that she hates men, hates sex, and hates herself, placed private matters before the public in a very offensive way. This fails, however, to state a claim for public disclosure of private facts because an essential element of that tort is that the facts at issue be true. *Sipple*, 201 Cal.Rptr. at 668; Restatement (Second) of Torts, Special Note to § 652D. Leidholdt has not argued that Hustler revealed any embarrassing private *truths* about her.

III. *Sanctions Issues.*

A) *Reviewability of District Court's Action.*

■ In dismissing Leidholdt's complaint, the district court also directed Hustler to submit a declaration of costs expended since the suit was transferred from Wyoming "to assist the Court in addressing the issue of sanctions pursuant to Rule 11, Federal Rules of Civil Procedure", and retained jurisdiction "for purposes of addressing the issue of sanctions...." ER–3 at 2. During the hearing on Hustler's motion, the court indicated that it would hold the actual imposition of sanctions "in abeyance" pending the Ninth Circuit's review of the sanctions award against the plaintiff in *Ault,* 860 F.2d 877.

Before us is Hustler's "Motion to Dismiss Appeal (in Part) and to Strike" those portions of Leidholdt's appellate briefs arguing against the district court's decision to award sanctions. We grant the motion, finding we lack jurisdiction under 28 U.S.C. § 1291 because the sanctions issue presents no appealable final order until the district court makes a ruling. Likewise, the issue whether the district court may sua sponte award sanctions in the absence of a pending motion for sanctions from Hustler is similarly unripe. The district court now has our decision that Rule 11 sanctions were unjustified in *Ault;* thus guided, the court may proceed as it deems appropriate.

B) *Attorney's Fees for Hustler in this Appeal.*

■ Hustler's request for attorney's fees and double costs, on the ground that Leidholdt's appeal was frivolous under Rule 38 and 28 U.S.C. § 1912 [Appellee's

Br. at 49], is denied. As in *Ault,* "where the plaintiff has clearly suffered a grievous assault to her human dignity we do not wish to endorse sanctions which can only serve to chill zealous advocacy." [860 F.2d at 884].

## CONCLUSION

We affirm the district court's grant of Hustler's motion to dismiss. The article featuring Leidholdt is constitutionally protected opinion; thus, her tort claims for libel, emotional distress and false light invasion of privacy must fail. No private facts were published, and accompanying the editorial with a photograph does not render Hustler liable for misappropriation. We have no jurisdiction to review the propriety of sanctions in advance of an actual award and entry of an appealable order.

The judgment of the district court is AFFIRMED.