**Michael J. BIDART, Plaintiff–Appellant,**

**v.**

**Richard HUBER, an individual defendant; Aetna Inc., a Connecticut Corporation; Aetna U.S. Healthcare, of California Inc., a California Corporation, Defendants–Appellees.**

**No. 00–55100.**

**D.C. No. CV–99–08666–RJK–BQR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided May 29, 2001.

---

### MEMORANDUM *

Michael Bidart appeals the district court's denial of his motion to remand his action for defamation against Richard Huber (President and CEO of Aetna, Inc.), Aetna, Inc., and Aetna U.S. Healthcare of California, Inc. (Aetna of California), and dismissal of the action with prejudice pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

### I

Bidart contends that the district court misplaced the burden of proof on him to show improper removal, but this is not correct. Statements at oral argument to the contrary notwithstanding, the court's order properly placed the burden on the removing parties.

■ Huber and Aetna, Inc. satisfied their burden by showing that Aetna of California was fraudulently joined, because it is obvious under California law that Bidart fails to state a cause of action against it for defamation. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."). The uncontradicted evidence shows that Aetna of California exercised no control over Huber, and there is no evidence that Huber was authorized to speak for or on Aetna of California's behalf. *See Michelson v. Hamada*, 29 Cal.App.4th 1566, 36 Cal.Rptr.2d 343, 349 (Cal.Ct.App.1994). Absent indicia of control, it is immaterial that Huber's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

comments came on the heels of the verdict; otherwise, any person commenting about the verdict in close proximity to it could be Aetna of California's agent. Neither can Aetna of California possibly be liable on a theory of ostensible agency. It has done nothing to induce a belief that Huber was its agent, and nothing suggests that the public somehow relied upon Huber's apparent authority. *See* Cal. Civ.Code § 2300. No California case holds a corporation liable for defamation based on ostensible agency, which is not surprising given that defamation is not a reliance tort whereas ostensible agency assumes it.

Nor is Aetna of California the alter ego of Aetna, Inc. The two have separate officers and directors, maintain separate records and offices, respect the corporate formalities, do not commingle funds or assets, and are each sufficiently capitalized. That the "home office" may have influenced the claims process and the *Goodrich* litigation affords no basis for piercing the corporate veil, any more than does Mary Virginia Anderson's dual role as corporate secretary for Aetna of California and attorney for Aetna U.S. Healthcare, Inc., a separate party from Aetna, Inc. *See, e.g., Tomaselli v. Transamerica Ins. Co.,* 25 Cal.App.4th 1269, 31 Cal.Rptr.2d 433, 443 (Cal.Ct.App. 1994). Regardless, there can be no alter ego liability because failure to disregard the corporate entity would not sanction a fraud or promote injustice. *Robbins v. Blecher,* 52 Cal.App.4th 886, 60 Cal. Rptr.2d 815, 818 (Cal.Ct.App.1997) (noting two-prong standard). Being required to litigate in federal court is not inequitable.

■ Finally, Bidart's judicial estoppel argument is not supported under California law. The doctrine applies only when the same party has taken inconsistent positions, *Thomas v. Gordon,* 85 Cal.App.4th 113, 102 Cal.Rptr.2d 28, 32 (Cal.Ct.App. 2000), but different parties—Aetna U.S. Healthcare, Inc. and Aetna Services, Inc.—were involved in the Pennsylvania action. Aetna, Inc., whose denial that it is an alter ego of Aetna of California is at issue in this case, was not a party to the Pennsylvania proceeding or *Goodrich,* so its contentions cannot possibly be impermissibly inconsistent.

II

■ Bidart's argument that his defamation action should go forward fails because the article had to do with the public debate over healthcare reform and who should make decisions about which treatment merits coverage. Huber was one of several interviewed who expressed opinions about the issue; he was the president of a major insurance company, one of whose subsidiaries had just been hit with a massive verdict. In that context, Huber's statements are hyperbolic. *See, e.g., Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990); *Gilbrook v. City of Westminster,* 177 F.3d 839, 862 (9th Cir.1999); *Underwager v. Channel 9 Australia,* 69 F.3d 361, 366–67 (9th Cir.1995); *Partington v. Bugliosi,* 56 F.3d 1147, 1153 (9th Cir.1995); *Leidholdt v. L.F.P., Inc.,* 860 F.2d 890, 893–94 (9th Cir.1988). Even though Huber made some factual references to the trial, no reasonable reader would believe that he was making a factual statement accusing Bidart of criminal behavior. *See, e.g., Standing Comm. on Discipline of the United States Dist. Court for the Cent. Dist. of Calif. v. Yagman,* 55 F.3d 1430, 1440 (9th Cir.1995); *Greenbelt Coop. Publ'g Ass'n. v. Bresler,* 398 U.S. 6, 14, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970) ("blackmail" in context is rhetorical hyperbole); *Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers, AFL–CIO v. Austin,* 418 U.S. 264, 286, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) ("traitor" in context is rhetorical hyperbole). This distinguishes Huber's statements from statements in a

directory and from direct accusations that in their context charge unethical conduct. *See, e.g., Maidman v. Jewish Publ'ns, Inc.,* 54 Cal.2d 643, 7 Cal.Rptr. 617, 621, 355 P.2d 265 (Cal.Ct.App.1960); *Planned Protective Servs., Inc. v. Gorton,* 200 Cal. App.3d 1, 245 Cal.Rptr. 790, 793 (Cal.Ct. App.1988); *Albertini v. Schaefer,* 97 Cal. App.3d 822, 159 Cal.Rptr. 98, 102 (Cal.Ct. App.1979). Because the challenged statement is rhetorical hyperbole, it is not capable of verification, as the district court concluded. Therefore, the speech is protected and no claim for relief is stated.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.