Doerfer, J.
In this action the plaintiff seeks damages for defamation and for intentional and negligent infliction of emotional distress. She also claims that the corporate defendant was negligent in supervising and training the individual defendants. Her claims arise out of a reference given by the defendant Commonwealth Childcare Corporation (CCC) to a prospective employer. In the reference form, provided by the prospective employer, there were several categories which CCC was asked to rate the plaintiff “poor,” “good,” and “excellent.” Under these categories was “emotional stability.” CCC, acting through defendant Bacon, checked off “poor.”
Defendant also circled “no” to the question “Would you rehire?.” In the space, “If no, please explain:,” CCC *313 wrote “her attendance was poor and she could not accept constructive supervision.” This answer was provided by defendant Hare, the director of CCC. The form was signed by Bacon, a duly authorized employee of CCC.
The only claims in this case relate to the check-off of “poor” to the question “Please rate the following: . . . emotional stability.”
The defendant offers several grounds in support of their motions for summary judgment. Defendants argue:
1. that as a matter of law the statement made by defendants “emotional stability: poor” is a matter of opinion, not fact and thus not actionable as defamation;
2. that defendants cannot show actual malice or a desire to harm, which is required to maintain a defamation action;
3. that as a matter of law, on the undisputed facts in this case, the defendants had a conditional privilege to give an answer to this request for information. Furthermore, they argue that this conditional privilege was not abused in the sense that the information was not given with an actual intent to harm and/or without any basis in fact;
4. that plaintiff consented to the limited publication of alleged defamatory statements and thus cannot recover on defamation;
5. that the plaintiff cannot recover on emotional distress claims if her action for defamation fails; alternatively, that even if the action for defamation fails on the grounds that the statements made were opinion, the circumstances cannot warrant a finding that conduct of the plaintiff was extreme and outrageous and the plaintiff did not sustain any physical injury as a result of the defendant’s conduct;
Defendants also state that plaintiff has no claim for negligent supervision and training of the two individuals involved on the grounds that there is no evidence to support those claims and such claims are further barred by the Workers’ Compensation Statute. This latter point was not argued orally.
DISCUSSION[1]
It is well established that expressions of opinion based on disclosed or assumed non-defamatory fact cannot form the basis for a claim for defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is. See Cole v. Westinghouse Broadcasting Co. Inc., 386 Mass. 303, 308-09 (1982); Myers v. Boston Magazine Co. Inc., 380 Mass. 336, 339 (1980).[2] An expression of opinion that is not based on disclosed or assumed facts and therefor implies that there are undisclosed facts on which the opinion is based are treated differently. Id.
Whether or not a certain statement is an opinion is a matter of law for the court to decide and not a question of fact for the jury, if the statement unambiguously constitutes either fact or opinion. See Myers supra at 339-40. The test is whether the statement in question can reasonably be read as fact. Id.
The determination of whether or not a statement can reasonably be read as fact depends upon the nature of the statement, the context and the surrounding facts and circumstances under which it is made. See Cole supra at 308, citing New York Times Co. v. Sullivan, 376 U.S. 254, 285 (1964); Myers supra at 341-42, citing Control Corp. v. Genesis One Computer Corp., 611 F.2d 781, 784 (9th Cir. 1980).
In this case, the statement of which the plaintiff complains is a constructed statement based upon the checking off of a box under the category “4" in response to a question ’’Please rate the following: . . . emotional stability:." See deposition Ex. #4 to the deposition of Gretchen Bacon, March 29, 2000.
The form was sent to CCC by a prospective employer of the plaintiff, Mother and Newborn Homecare, a nanny agency. The form stated, “One of your former (present) employees has applied for temporary assignment as an employee of Mother and Newborn Homecare. We would appreciate your completing this form and returning it to our office. All information will be held in confidence. Thank you for your prompt attention to this matter.” In the next paragraph was stated, “I authorize the above company to provide the information requested below in connection with my application for employment.” and it was signed by the plaintiff in this matter.
It is undisputed that the plaintiff resigned her employment and was not terminated. The question “reason for termination” was left blank by CCC. The next question was “Would you rehire:” and the word “no” was circled.
The form next stated “If no, please explain:.” Ms. Bacon wrote, “Her attendance was poor and she could not accept constructive supervision."
The form then included the request, “Please rate the following:.” The following five categories were then listed “Accepts supervision; appearance; attendance; emotional stability; work performance.” There were three choices for each category: poor, good, or excellent. She was rated, “poor” for “accepts supervision.” She was rated “good” for “appearance.” She was rated “poor” for “attendance” and "emotional stability,” and “fair” for “work performance.” “Fair” was not a choice on the form but Ms. Bacon wrote that word in under the “poor” column.
In the context of this communication, the Court rules that checking off “poor” under the category of emotional stability was clearly a matter of opinion and not a statement of fact. First of all, the concept of “emotional stability” is a commonplace phrase which *314 does not, on its face, purport to be used solely by clinicians or medical doctors. It is a phrase in use in everyday speech in a colloquial sense and not as a specific term of art.
Secondly, the concept of “emotional stability” calls for a wide range of subjective judgment. Perceptions of emotional stability relating to the same individual can vary widely, depending upon the observers point of view. Conduct and personality which may be regarded as emotionally unstable by one person can easily be regarded as within normal limits by another.
Furthermore, of the five categories for which a check-off was requested, all but perhaps one called for opinion rather than fact. Whether someone, for example, accepts supervision or has a pleasing appearance, or has good work performance, are clearly matters of opinion. The category “attendance” is probably more objective but even attendance could be subjective, depending upon the demands of the job and the standards of the employer.
The form clearly calls for the respondent to give her opinion on various items when it asked them to “rate the following.” The form did not ask for specific facts by asking those questions. The questions did not contain any detailed request for specific facts relating to the applicants prior job performance, except possibly the portion of the form asking for “approximate salary.”
It should be noted that no other statement forms the basis for the claim for defamation in this case. Since the statement in question was a matter of opinion, her action for defamation cannot succeed and judgment should enter for the defendants’ claims for defamation.
The Court need not consider the other grounds urged by the defendants in support of their motion for summary judgment as to the defamation claims. In passing, the court notes that it agrees with the arguments in the defendants’ memorandum in support of their opposition that defendants had a conditional privilege to respond to this request for a reference and it was not abused.
As to the plaintiffs claims for infliction of emotional distress, either intentional or negligent, the Court will assume without deciding that there may be theoretical circumstances under which opinions can be conveyed in a way causing emotional distress. Nevertheless, the plaintiff must show (1) that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was likely to result as a result of their conduct; (2) the conduct was “extreme and outrageous” and was “beyond all possible bounds of decency” and was utterly intolerable in a civilized community; (3) that the actions of the defendants were the cause of plaintiffs distress; and (4) the emotional distress sustained by the plaintiff was severe and ofanatur e that noreasonable per son could be expected to endure. Conway v. Smerling, 37 Mass.App.Ct. 1, 8 (1994), quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). Restatement (Second) of Torts, §46, comments d, j (1965).
There may be facts in the record which support an inference that the statements were written with an intent to inflict emotional distress. In view of the Court’s further discussion it is not necessary to resolve that issue. The claims of intentional infliction of emotional distress must fail because they cannot, as a matter of law, be held to be so extreme and outrageous as to be beyond all possible bounds of decency and utterly intolerable in a civilized community. This conclusion is closely related to the Court’s conclusion that these matters were matters of opinion. In commonplace speech, stating that someone has poor emotional stability in the context of responding to a request for employment reference may not, as a matter of law, be regarded as extreme and outrageous or “profoundly shocking." See Conway, supra at p.8.
Likewise, on her claim for negligent infliction for emotional distress the plaintiff has not provided any medical evidence linking up any particular physical symptom as being caused by emotional distress caused, in turn, by the defendants’ actions. In short, there is no “objective corroboration of emotional distress ... to convince a judge that (plaintiffs) claims present a sufficient likelihood of genuineness to go to trial.” Sullivan v. Boston Gas Co,, 414 Mass. 129, 137-38 (1993); Moakley v. Eastwick, 423 Mass. 52, 61 (1996) (evidence of amorphous symptoms of physical harm is not sufficient to avoid summary judgment on a negligent infliction of emotional distress claim).
As to count 4, plaintiff has presented no evidence relating to alleged negligent supervision or training or that the employer breached a duty owed to a third party relating to such training or supervision.
In any event, these claims -relate only to the defendant Commonwealth Childcare Corporation and its responsibility for the actions of Gretchen Bacon and/or Jeanne Hare. Since the claims against the individuals must be dismissed, the claim against the corporate defendant must be dismissed as well.
For the forgoing reasons the Defendants’ Motion for Summary Judgment is ALLOWED.

 The legal principles governing summary judgment are too familiar to require recitation here.

 See also Gertz v. Robert Welch, Inc., 418 U.S. 323, 339-40 (1974).