Burnes, J.
INTRODUCTION
The plaintiff, Kevin W. Welch (“Welch”), filed this claim against defendants, Tellabs Operations, Inc. (“Tellabs”) and James Norvold (“Norvold”), alleging defamation. The defendants now move for summary judgment on the grounds that: (1) Norvold’s allegedly defamatory statement was one of opinion, not fact, and therefore is not actionable; and (2) Tellabs had a qualified privilege to make defamatory statements to Welch’s prospective employers, and Welch can produce no evidence that the privilege was abused through reckless or malicious publication. For the following reasons, defendants’ motion is ALLOWED.
BACKGROUND
From August of 1997 to February of 1998, Tellabs employed Welch as a temporary consultant. During this time, Norvold was manager of operations technologies and Mark Sullivan was development manager for the test engineering group at Tellabs. In July of 1999, Welch secured a position at Hewlett Packard Corporation (“HP”), but after three days he was terminated due to an employment reference provided by Tellabs. Application Profiles (“AP”) conducted a background check of Welch on behalf of HP. Tellabs’ human resources manager, Patty Boyd (“Boyd”), reported to AP that Welch was “ineligible for rehire due to a lack of motivation.” Pl’s. Exhibit A, p. 20, pars. 7-13. It is this statement which Welch says is defamatory. Welch submits that some permutation of the statement was communicated initially by Norvold to Boyd, although Welch does not allege that Norvold communicated statements outside of Tellabs.[2]
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’ r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving, party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
Summary judgment procedures are highly favored in defamation cases to prevent the chill of freedom of expression. King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987). It is well established that expressions of opinion cannot form the basis of a claim for defamation no matter how unjustified or unreasonable. Cole v. Westinghouse Broadcasting Co., 386 Mass. 303, 308 (1982); Myers v. Boston Magazine Co., 380 Mass. 336, 339-40 (1980); National Ass’n of Gov’t Employees, Inc. v. Central Broadcasting Corp., 379 Mass. 220, 227 (1979); Doane v. Grew, 220 Mass. 171, 177-78 (1915). A “pure” opinion is one based on “disclosed or assumed non-defamatory facts.” Pritsker v. Brudnoy, 389 Mass. 776, 778 (1983). On the other hand, a “mixed” opinion is actionable “if the comment is reasonably understood as implying the assertion of the existence of undisclosed facts about the plaintiff that must be defamatory in character in order to justify the opinion.” Id., quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 339-40 (1974); see Cole, 386 Mass. at 313.
Whether or not a statement is an opinion is a matter of law for the court to decide and not a question of fact for the jury. See Myers, 380 Mass. at 339-40. In making this determination the court must; (1) look to the entire context of the communication; (2) consider all the words used; (3) give weight to any cautionary terms used by the publisher of the statement; and (4) consider all the circumstances surrounding the statement, including the medium used and the audience to whom it was published. Lyons v. Globe Newspaper Co., 415 Mass. 258, 263 (1993) (citations omitted).
Welch argues that the statement “not eligible for rehire due to a lack of motivation” is an example of a *45 mixed opinion containing undisclosed underlying defamatory facts.[3] It is not. First, in an employment reference, a statement about a person’s performance is clearly a matter of opinion that depends on the demands of the job and the subjective standards of the employer. Flavia Bianci v. Commonwealth Childcare Corporation, Civil No. 97-2023-B (August 1, 2000 Doerfer, J.) (12 Mass. L. Rptr. 312) (ruling that statement by former employer indicating they would not rehire person because of poor attendance and inability to accept constructive supervision was pure opinion) .[4] An employment reference from Norvold on Welch’s motivation at work depends upon what Norvold, as manager of operations, expected of Welch and what the needs of the company were.[5] To show that Norvold’s statement was not accurate, Welch offered the assessment of his work by Mark Sullivan, Welch’s immediate supervisor, who was pleased with his work and would give him a good recommendation. Welch Aff. par. 6. Welch’s two supervisors may not have agreed on whether or not they would rehire Welch, but their varying opinions are their prerogative. A mere difference. in pure opinion does not give rise to a defamation claim.
Welch’s own differing characterizations of the statement made by Boyd — "not eligible for rehire due to a lack of motivation" — underscores the opinion quality of the statement. In the complaint, Welch alleges that Tellabs said that his work was “unsatisfactory.” Complaint, par. 6. In his opposition to the defendants’ motion for summary judgment, Welch says that the defendants said that he was “lazy." Pi’s. Opposition, p.l.[6] These words, too, are simply a short hand assessment of facts, in other words, opinion.
Second, the record reflects no undisclosed “defamatory” information which could give rise to a potential defamation claim based on “mixed” opinion. The recipient of an employee reference assumes that neutral facts exist to support the reference given. What prospective employers are seeking is the current employer’s opinion of the employee based on those facts. Employers are expected to share subjective evaluations with each other regarding an employee’s character and qualifications for a position. HP via AP was asking for a critical evaluation of Welch. It received a positive evaluation and one not so positive. Norvold, whose reference was not so positive, did not disclose, imply, or make reference to, any defamatory facts supporting his opinion of Welch. In addition, Welch does not point to any such defamatory facts, and, on this record, it would not be reasonable to assume any.[7]
Norvold’s statement is pure opinion and cannot be the basis of Welch’s action for defamation.[8]
ORDER
For the above reasons, it is hereby ORDERED that defendants’ motion for summary judgment be ALLOWED.

 See Plaintiffs Memorandum in Opposition to Defendant’s Summary Judgment footnote 1 (“Plaintiffs Opposition”).

 Welch also argues that the statement is defamatory per se because it adversely reflects on his abilities in his profession. The court does not analyze this issue but doubts the statement constitutes defamation per se because the statement is not particularly harmful to Welch’s abilities as an engineer. See Bander v. Metropolitan Life, 313 Mass. 337, 346 (1943). Even if it were considered defamation per se, Welch would still have to prove the other elements of a prima facie defamation case, see Commonwealth v. Pratt, 208 Mass. 553, 558-59 (1912), which he cannot do.

 See also, Underwood v. Digital Equipment Corp., Inc., 576 F.Sup. 213, 217 (D.Mass 1983) (holding that whether a person should be considered again for possible employment is an inherently subjective question for the employer as is the employer’s opinions of its employees).

 Norvold stated in his deposition that, “in my opinion the quality of Welch’s work was not very good ... it was not very timely . . . and I would not hire him again.” Norvold Dep. p. 33, pars. 7-11 (emphasis added).

 See also Boyd’s Dep.

 Indeed, Fred Ford, apparently from the temporary agency through whom Welch was placed, in attempting to get Welch reinstated at HP, argued that the Tellabs reference was not really a bad reference. He distinguished Norvold’s reference from the type of reference that reflects some illegal, unethical, or immoral acts committed by the prospective employee. Defs. Exhibit E, p. 3.

 This court need not analyze whether Welch provided sufficient evidence to show Tellabs abused the qualified privilege to utter defamatory statements, although the court agrees with the defendants that they did not, as the motion is decided on other grounds.